# Staunton

## Virginia Whipple v. Gordon Booth.

September 12, 1930.

Absent, Holt and Epes, JJ.

*Lowry & Burks*, for the plaintiff in error.

(No appearance for the defendant in error.)

GREGORY, J., delivered the opinion of the court.

Virginia Whipple, the plaintiff in error, who will herein-after be referred to as the plaintiff, instituted a proceeding by notice of motion for judgment against Gordon Booth, defendant in error, who will hereinafter be referred to as the defendant, for $2,000.00 damages, which the plaintiff is alleged to have sustained through an automobile collision which occurred on one of the streets of the town of Bedford.

The trial resulted in a verdict for the plaintiff for $750.00. The defendant moved to set the verdict aside and enter final judgment for him on the ground that the verdict was contrary to the law and the evidence. The court sustained the motion of the defendant, and entered final judgment for him on the ground that the plaintiff was guilty of contributory negligence as a matter of law, and it is of this ruling of the trial court that the plaintiff complains.

On the 19th day of August, 1929, the plaintiff was driving her automobile in an easterly direction on Longwood

avenue; which is a part of State highway No. 10. At the point of the collision the highway is paved with brick and is twenty-five feet wide. The avenue is straight for several hundred feet and at the time of the collision it was raining. When the plaintiff first saw the defendant approaching, she was driving on her right side of the street and he was forty to sixty yards from her, and driving, according to her testimony, on her side of the street. The defendant, however, testified that he was driving in the center of the street, and that he did not see the plaintiff until he was within fifteen or twenty feet of her. The plaintiff further testified that at that time she assumed that he would seasonably turn to his side, and for that reason she did not sound the horn. Both automobiles were traveling at a reasonable speed and the defendant continued to drive either in the center or on his left side of the street, and when the plaintiff realized that he was not going to his side of the street she turned her automobile to the right as far as it was possible to do so, but notwithstanding this, the defendant proceeded, without turning, directly into her automobile and from the collision she sustained serious injuries. The defendant's automobile had no windshield and the top was down, and he had his head down to prevent the rain beating in his face. Both parties had an unobstructed vision of each other for more than one hundred yards.

Certain physical facts disclosed that immediately after the collision and before either automobile had been moved, the plaintiff's automobile was completely off of the brick pavement and beyond the curb resting on a grass plot on the side of the street. The front of the defendant's automobile was two and one-half feet from the edge of the street on his left. Grease, mud and broken glass which had fallen from his automobile at the point of the collision, were found, and this debris was lying two and one-half feet from

the edge of the street on his left side. Considerable damage was done to the left front of both automobiles and this indicated the point of contact.

There was considerable conflict in the testimony of the witnesses as to at what point the collision occurred, and where the automobiles were being driven on the street just prior to the collision.

■ Unless the verdict of the jury was plainly wrong or contrary to the law and the evidence, or without evidence to support it, the lower court should not have set it aside, and in order to determine the correctness of the court's ruling we must necessarily decide whether the plaintiff was guilty of contributory negligence as a matter of law, for the defendant has admitted negligence in driving his automobile in the center of the street, and in his failure to see the plaintiff until he was within fifteen or twenty feet of her though his vision was clear and unobstructed for a distance of over one 100 yards. Failure to keep a proper lookout is negligence, likewise driving in the center of a paved street, twenty-five feet wide, when there is approaching traffic is negligence.

■ The Virginia highway law provides that "the driver of a vehicle shall drive the same upon the right half of the highway and as closely as possible to the right hand edge or curb * * *" Code Supp. 1926, section 2145 (10), Code 1930, section 2145 (10). It also provides that vehicles proceeding in opposite directions shall pass each other to the right, each giving the other as nearly as possible one-half of the main traveled portion of the roadway, Code 1930, section 2145 (12). These statutory duties were admittedly not performed by the defendant.

■ The driver of an automobile along a public highway, who sees another automobile approaching on the wrong side of the road has the right to assume that the driver of such automobile will observe the law and seasonably move

over to his right side so as to pass safely. Vartanian, The Law of Automobiles, section 69. The plaintiff here had the right, under the circumstances, to presume that the defendant would move over to his side of the street, until she saw that he was not going to turn to his right side. Then it became her duty to exercise ordinary care to avoid the collision, and in the performance of this duty she turned still further to her right and partially off of the street to avoid him.

Ordinarily, contributory negligence is a question for the jury. It only becomes a question of law for the court when the evidence is uncontroverted. If, from the evidence, fair minded men can draw only one inference therefrom, it then is a question of law for the court, but, if fair minded men, from the evidence, may honestly differ as to the negligence charged, it is then a question of fact for the jury. *City of Norfolk* v. *Anthony*, 117 Va. 777, 86 S. E. 68.

In this case there was a direct conflict in the evidence. On the one hand the plaintiff stated that she was operating her automobile on her side of the street and at a lawful speed; that she saw the defendant on her side of the street forty to sixty yards away, and that when she saw that the defendant was not going to move over to his side, she turned further to her right and partially off of the street on her side to avoid him. In addition to this she had the right to presume that the defendant would move over on his side of the street. On the other hand the defendant stated that he was not driving on her side but in the center of the street, and it being twenty-five feet in width she could have safely passed him. He further testified that the collision occurred in the center of the street and not on the plaintiff's side as she testified. It is readily seen that the evidence was conflicting on two material points, first, as to where the automobiles were being driven on the street, and, second, as to where the collision occurred.

If the plaintiff had not been driving on her side of the street just prior to the collision, or if the collision had occurred in the center of the street, as detailed by the defendant, she might, under the circumstances, have been guilty of contributory negligence which would have been a bar to a recovery, but inasmuch as there was a sharp conflict in the testimony on these points, the verdict of the jury in favor of the plaintiff, in effect, cleared her of the charge of contributory negligence and was conclusive of the question.

The court very properly instructed the jury that, if the defendant was guilty of negligence and it was the proximate cause of the injury complained of, a verdict should be found for the plaintiff. It also properly instructed the jury that notwithstanding the defendant's negligence, if the plaintiff could have, by the exercise of reasonable care, avoided the collision and failed to do so, she could not recover.

These instructions were applicable to the facts and correctly submitted to the jury the negligence of the defendant and the contributory negligence of the plaintiff. They were based on the evidence and when the jury rendered a verdict for the plaintiff on the conflicting evidence under the instructions, it was binding and conclusive on the court.

The verdict having been improperly set aside by the trial court, it will be reinstated by this court and judgment rendered thereon.

*Reversed.*