# Wytheville

## GEORGE F. COLLINS V. GUY E. ROBINSON.

### June 15, 1933.

Present, Campbell, C. J., and Epes, Hudgins, Gregory and
Browning, JJ.

The opinion states the case.

*Robert L. Hicks* and *Walter M. Evans,* for the plaintiff in
error.

*Sinnott, May & Leaman,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Plaintiff in error, who was the plaintiff in the trial court, brought an action, by notice of motion, against Guy E. Robinson, to recover damages for injuries received on October 7, 1931, when Robinson's automobile, in which the plaintiff was riding, collided with an automobile which was being driven in an opposite direction by Willie Turner. The case was tried by a jury and a verdict in favor of Collins for $1,000.00 was found, but upon motion, the trial court set the verdict aside and entered final judgment for the defendant.

The plaintiff was riding in the rear seat of the automobile of the defendant, as an invited guest at the time of the collision. It occurred at night on a sharp curve, on one side of which was a bank which prevented a view around or over the curve. The highway was a two-way one, the travel portion of which was approximately twenty-two feet in width. The Turner car was being driven on the proper side of the highway, for a car going in that direction, on the inside of the curve and close to the bank. The proper side of the highway upon which the defendant's car should have been driven was upon his right side, on the outside of the curve, but the evidence is overwhelming that he was driving around the curve on the inside thereof and on the wrong side of the road for a car to be driven going in that direction, in violation of Code, section 2145(10), section 9. The drivers of both automobiles saw the reflection or light of each other's automobile a safe distance away. The defendant was not familiar with the highway. A "head-on" collision occurred when they were about half way around the curve, Turner's car being forced into the bank on his side of the road and the defendant's car, after the collision, was found to be on Turner's side of the road. The defendant admitted that he saw the light from the head-lights of Turner's car and therefore he knew of its approach a safe distance away.

522

The plaintiff, who, as stated, was a guest in the defendant's car, suffered head injuries and if he is entitled to recover, no question is raised as to the amount of the verdict.

The trial court was of the opinion that this case was controlled by the cases of *Boggs* v. *Plybon,* 157 Va. 30, 160 S. E. 77, and *Jones* v. *Massie,* 158 Va. 121, 163 S. E. 63, where it was held by this court that a host was not liable to a guest in such cases except where the host was guilty of gross or culpable negligence.

Counsel for the defendant, at the bar of this court, expressly waived all objections and exceptions to the instructions which had been given or refused and frankly admitted that if it were shown in the evidence that the defendant was guilty of gross negligence at the time of the collision, he would be liable to the plaintiff. The issue, therefore, is limited to the single question of whether or not the evidence shows gross negligence on the part of the defendant and sustains the verdict.

■ Prior to the *Boggs Case,* a guest was permitted to recover of the host for simple negligence. *Glass* v. *Huddleston,* 155 Va. 143, 154 S. E. 506. Since the *Boggs Case,* a guest in Virginia can no longer recover of the host for simple negligence. He can only recover where it is shown that the host was guilty of gross or culpable negligence. *Jones* v. *Massie, supra.*

We approve the rule as laid down in the *Boggs* and *Jones Cases.* It is founded upon reason and simple justice, but as we shall later see, those cases do not forbid a recovery in the present case, but clearly permit it.

■ The great weight of the evidence in the case at bar shows clearly that the defendant, who admittedly knew of the approach of the oncoming car, with ample time to pull to his side of the road, drove his car around the curve, on the inside thereof, in the night time on a twenty-two foot road and directly in the lawful path of the oncoming car. He was not driving on the right side of the road as required by law and he could not see around or over the curve, by

reason of the bank on the inside, though he could and did see the reflection and flash of the lights of the Turner car. He was solely responsible for the collision and his conduct on that occasion, as a matter of law, amounted to gross or great negligence. There being no evidence of any contributory negligence on the part of the plaintiff, he was entitled to recover.

The judgment of the trial court will be set aside, the verdict of the jury reinstated, and judgment here entered thereon.

*Reversed.*