# Richmond

J. W. TRAYLOR v. ATLANTIC GREYHOUND LINES.

March 12, 1936.

Present, Holt, Hudgins, Gregory, Chinn and Eggleston, JJ.

The opinion states the case.

*Paul H. Coleman,* for the plaintiff in error.

*M. F. Trader* and *A. L. Hughson,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

J. W. Traylor instituted this action against Atlantic Greyhound Lines to recover damages for the personal in-

juries sustained by him and the damage done to his automobile which was in collision with a bus owned and operated by the Atlantic Greyhound Lines. The parties will be referred to as they appeared before the trial court. Each claimed the other to have been solely at fault.

Upon the issue joined, and on instructions to which no objections were taken by either side, the jury found a verdict of $1,500 in favor of the plaintiff. Sustaining the defendant's objection that the verdict was contrary to the law and the evidence and was without evidence to support it, the trial court set it aside and entered a final judgment for the defendant. The matter is here for review on the single assignment of error that the lower court erred in so doing.

Viewing the case in the light of the plaintiff's evidence, as we must, the collision occurred as follows: On March 24, 1934, at about eight o'clock in the morning, the plaintiff was driving his De Soto coupe eastwardly along Fifth street in the city of Lynchburg, at approximately fifteen or twenty miles an hour. The streets were covered with ice and the plaintiff's car was equipped with chains on each of the rear wheels. After crossing a viaduct on Fifth street, and as the plaintiff started up a rather steep hill, he saw about two hundred feet ahead of him the large bus of the defendant company coming down the hill from the opposite direction. The bus appeared to be "zig-zagging" and encroaching about two feet on the plaintiff's side of the twenty-five foot street. But since the bus was coming at a moderate speed and did not appear to be out of control, the plaintiff pulled to within six inches of the curb on his right and continued on his way up the hill. As the vehicles were passing the left front of the bus collided with the left side of the plaintiff's car demolishing the latter, breaking the plaintiff's arm and inflicting upon him other painful injuries.

It is conceded that the bus was of the forty passenger type, weighed approximately 8,000 pounds and was not equipped with chains.

█ It is not necessary to review the defendant's evidence. Suffice it to say that the bus driver and his witnesses claim that the bus was always on its proper side of the street and that the plaintiff's car got out of control and skidded across the street into the left side of the bus. The verdict of the jury has settled this conflict adversely to the defendant and, of course, is binding on us.

If the facts related by the plaintiff and his witnesses be true, and the jury has said that they are, it cannot be seriously questioned that the driver of the bus was guilty of primary negligence in not keeping to his side of the street. Indeed, the brief of the defendant in error concedes that the evidence is sufficient to convict the driver of such primary negligence.

But it is contended that the plaintiff was guilty of contributory negligence as a matter of law. It is argued that when the plaintiff saw the bus encroaching on his side of the street he should either have stopped his car until the bus passed or should have turned to his right off of Fifth and into Pierce street.

We cannot say as a matter of law that there was any such duty incumbent on the plaintiff. According to both drivers the bus was proceeding at a moderate rate of speed. It did not appear to the plaintiff to be out of control, and the bus driver said it was not. Under such circumstances the plaintiff had the right to assume that the driver of the bus would observe the law and seasonably move over to the proper side of the street so that the vehicles might pass in safety. *Whipple* v. *Booth,* 155 Va. 413, 416, 154 S. E. 545; *Johnson* v. *Kellam,* 162 Va. 757, 762, 175 S. E. 634. The plaintiff said that he got within six inches of his right-hand curb and that this gave the bus ample room to have passed in safety. Furthermore, it does not necessarily appear from the evidence that the collision would have been avoided even if the plaintiff had stopped. It is undisputed that after the collision the bus proceeded further down the hill and came to a stop only after striking the abutment of the viaduct.

■ Whether the plaintiff was guilty of contributory negligence under the circumstances was, we think, a question for the jury and not for the trial court.

The verdict, having been improperly set aside, will be reinstated by this court and judgment rendered thereon.

*Reversed.*