# 𝕾taunton

HOWARD W. SMITH, JR., ADM'R, ETC. v. MILDRED A. TURNER, ET AL.

September 10, 1941.

Record No. 2392.

Present, Campbell, C. J., and Holt, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Albert V. Bryan,* for the plaintiff in error.

*Hall & Hall* and *Lucas D. Phillips,* for the defendant in error, Mildred A. Turner.

*E. E. Garrett* and *T. Russell Cather,* for the defendant in error, Neville Irwin Smith.

EGGLESTON, J., delivered the opinion of the court.

Mrs. Emily Ayres Starr, while riding as a gratuitous guest in a car operated by Mrs. Neville Irwin Smith, was killed in a collision between that car and another driven by a servant of Mrs. Mildred A. Turner. Howard W. Smith, Jr., administrator of the estate of Mrs. Starr, filed a notice of motion for judgment against Mrs. Turner and Mrs. Smith, jointly, seeking to recover damages for the alleged wrongful death of Mrs. Starr. The notice of motion contained two counts, each of which alleged gross negligence on the part of the two defendants and a joint and several liability on them. The

counts differed only in one factual allegation, one count charging that the defendant, Mrs. Smith, was driving her car on the wrong side of the road, and the other that the Turner car was being driven on the wrong side of the road, at the time of the collision. The case was presented to the jury on the theory that since Mrs. Starr was a gratuitous guest of Mrs. Smith, the latter was liable only if she was guilty of gross negligence which was the proximate cause of the collision, whereas the defendant, Mrs. Turner, was liable if her agent was guilty of ordinary or simple negligence which proximately caused the collision. No claim was made that the plaintiff's intestate, Mrs. Starr, was guilty of any negligence.

The jury rendered a verdict in these words: "We the jury find Mrs. Neville Irwin Smith not guilty of gross negligence. We the jury find Mrs. Mildred A. Turner not guilty of negligence. Therefore neither of the defendants *are* liable for damages."

This verdict was amended by the court in the presence of the jury and with its consent to read: "We, the jury, on the issue joined, find for the defendants."

Judgment having been entered on the verdict, the administrator sought and obtained this writ of error. For convenience the parties will be referred to as they appeared in the lower court.

The record discloses these undisputed facts: About noon, on June 10, 1939, the defendant, Mrs. Neville Irwin Smith, with Mrs. Starr as a guest, was driving her automobile in a westerly direction along the public highway leading from Middleburg to Upperville, in Loudoun county. The Turner car was proceeding in the opposite direction. As the two cars approached each other, each driver had an unobstructed view of the other car for a distance of several hundred yards, the road being straight, fairly level, and devoid of other traffic. There was no defect in the roadway which was covered with a newly laid strip of smooth asphalt about 18 feet wide.

Both cars were in good condition. Despite this situation, there was a terrific collision between the two cars, the right front of one striking the right front of the other, indicating that one or both of the cars had been driven on the wrong side of the road. When the vehicles came to a rest the Turner car was on the north side of the road, heading in a northeasterly direction, with its left front wheel in the ditch and the other wheels on the north side of the pavement. The Smith car was at right angles across the road and was headed to the north. Its front wheels were on the northern half of the paved surface and its rear wheels were on the southern half.

The marks on the soft asphalt pavement showed that the Turner car had been driven diagonally from the southern side across the center of the road to the northern side. In other words, it had been driven to its left and across the path of the oncoming Smith car. There were other marks on the road which indicated that the Smith car had been driven with its left wheels to the left of the center of the road and had swerved sharply to the north or to the right just before the collision.

As a result of the collision Mrs. Starr received injuries from which she shortly died.

The drivers of the two cars were called by the plaintiff as adverse witnesses. Mrs. Smith testified that she was proceeding at a speed of from 20 to 25 miles an hour when she saw the Turner car emerging from a curve to the west. It was then about 800 feet away. She saw that the oncoming car was being driven in "a very peculiar manner." She described it as being driven "all over the road, first on one side and then on the other," and "going very fast." Continuing, she said: "I came on, and it didn't leave me much choice what to do. I put my brakes on. I thought he was going to pull out of the way, then he didn't. He came back and hit me on the (right) side of my car." While she insisted that "at the time of or just before the collision," "I was abso-

lutely on my side, because I have always driven that way,'' she admitted that the left wheels of her car ''may have been on the center'' of the road.

The Turner car was being driven by Bernard Coles, a negro employee. His story is that when he first observed the Smith car it was approaching about 50 yards away and was being driven well over on the southern, that is, his (Coles') right-hand side of the road; that he blew his horn and went as far to the right as he could without going into the ditch; and that when the Smith car kept coming straight at him on his side of the road, he turned his car sharply to the left and directed its course diagonally across the road in the effort to pass the Smith car on its right and thus avoid a collision. He insists that as the two cars approached each other Mrs. Smith was driving at from 40 to 50 miles an hour, that he was proceeding at 30 miles an hour, and that until he made the emergency turn to the left immediately before the collision, he was always on his proper side of the road. There is direct testimony from eyewitnesses corroborating Coles' statement that as the cars approached each other the Smith car was being driven ''on the wrong side of the road'' or ''about the middle of the roadway,'' and that the Turner car was on its proper side of the road.

The tire marks on the road as described by some of the witnesses further corroborated the driver of the Turner car. On the other hand, there is testimony that the marks made by the wheels of the Turner car showed that it had swerved back and forth across the center line of the road, as described by Mrs. Smith.

The point of collision is in dispute. Some eyewitnesses place it on the north (Mrs. Smith's) side of the road, while others on the south (Mrs. Turner's) side, and others in the center. The physical marks on the road as detailed by the various witnesses likewise fail to settle this disputed point.

The plaintiff's main contention is that the verdict of the jury is "utterly without evidence to support it" and is contrary to the law and evidence, because, as he says, none of the evidence tended to show that both of the defendants were free of gross negligence, but on the contrary the evidence conclusively shows that one or the other of the defendants, if not both, was bound to have been guilty of gross negligence.

Whether the conduct of an automobile driver under given circumstances constitutes gross negligence is generally a question of fact for the jury. But where fair-minded men cannot differ as to the conclusion, it becomes a question of law for the court. Cases in which we have so held are collected by Mr. Justice Holt in *Carroll* v. *Miller,* 175 Va. 388, 9 S. E. (2d) 322.

Driving a car on the left side of a highway (except in instances not here material) is in violation of the statute (Michie's Code of 1936, §2154(112)) and constitutes negligence. *Whipple* v. *Booth,* 155 Va. 413, 416, 154 S. E. 545; *Collins* v. *Robinson,* 160 Va. 520, 523, 169 S. E. 609; *Huffman* v. *Jackson,* 175 Va. 564, 568, 9 S. E. (2d) 295, 297.

But driving on the wrong side of the road does not necessarily constitute gross negligence. Certainly one who inadvertently permits the left-hand wheels of his car to pass to the left of the center line of an open road is not guilty of gross negligence. On the other hand, we held in *Collins* v. *Robinson, supra,* that driving on the wrong side of the road at night, around a curve into the path of an oncoming car, where the view is obstructed, was gross negligence as a matter of law. *A fortiori,* needlessly driving on the wrong side of a straight road, in broad daylight, in the face of a car rapidly approaching from the opposite direction and in plain view, is likewise gross negligence.

The verdict of a jury, of course, settles disputed questions of fact and in this court a litigant with a ver-

dict in his favor is entitled to have the evidence viewed most favorably from his standpoint. If this principle is applied to the present record, what is the result?

Viewing the evidence most favorably from the standpoint of Mrs. Turner, and accepting as true the story of the driver of her car, as supported by other witnesses, we must conclude that the Smith car, as it approached the point of collision at a speed of from 40 to 50 miles an hour, was being driven well over on the wrong side of the road and that it continued on this course until the driver of the Turner car, which was being driven at a moderate rate of speed, in desperation and in a last effort to avoid a collision, turned his car to the north and attempted to pass the Smith car on the latter's right.

If we take the view that the verdict of the jury has established the accuracy of this story, then the jury should have found that Mrs. Smith was guilty of gross negligence. For without any reason therefor she was driving her car on the wrong side of the road and continued to do so until it was too late to avoid an accident, and this, too, although the oncoming car was in plain view and according to her own testimony had been seen by her. Moreover, according to her own story, she observed that the oncoming car was being driven at a rapid rate of speed and was out of control. Here we have no instance of mere inadvertence but one in which the driver of the car, in a situation of obvious danger, operates her vehicle in such a way as to lead to certain disaster.

A most favorable view of the evidence from the standpoint of Mrs. Smith, shows that she approached the scene of the collision at a moderate rate of speed on the proper side of the road, that she saw several hundred feet away the Turner car approaching at a high rate of speed, moving from first one side of the road to the other, indicating that it was out of control, and that this car finally came diagonally across the road and collided with the Smith car on the north side of the road.

If we take the view that the verdict has established the accuracy of Mrs. Smith's story, then the jury should have found that the driver of the Turner car was negligent in needlessly driving his car at an excessive rate of speed across the path of the oncoming Smith car and without seeing or heeding its approach.

██ ██ Manifestly these two conflicting stories cannot be reconciled or compromised. Under neither aspect of the case should there have been a verdict which excused both of the defendants. While the jury is the judge of disputed facts, its verdict must be predicated on the evidence adduced before it.

To accept the Turner version of the accident is to acquit the driver of that car of fault and to convict Mrs. Smith of gross negligence, not simple or ordinary negligence. To absolve Mrs. Smith from liability is to say that the accident was due to the negligence of the driver of the Turner car. Plainly we think under the evidence before us the plaintiff was entitled to recover of one of the defendants, if not of both.

██ Where a verdict is "plainly wrong" it should be set aside even if it is supported by some evidence. Code, §6363; *Braswell* v. *Virginia Electric & Power Co.,* 162 Va. 27, 38, 173 S. E. 365; *Cawley* v. *Hanes,* 173 Va. 381, 390, 4 S. E. (2d) 376, 379.

As was said in *Forbes & Co.* v. *Southern Cotton Oil Co.,* 130 Va. 245, 259, 108 S. E. 15, "But with all the respect that is justly due to the verdict of a jury, and which is freely accorded to it, if there has been 'a plain deviation from right and justice' even a court of law will not make itself a party to such a wrong by entering up judgment on it." See also, *Ellison* v. *Hampton & Langley Field Ry. Co.,* 154 Va. 39, 45, 152 S. E. 373.

Our conclusion is that the verdict here is plainly contrary to the law and evidence and that it should be set aside and a new trial granted under proper instructions on the issues involved.

The brief of the plaintiff challenges the correctness of Instruction No. 1 which was granted at the request of the defendant Smith over the objection of the plaintiff. This instruction told the jury that if they believe from the evidence that Mrs. Starr was a guest in the automobile of Mrs. Smith, then the plaintiff was not entitled to recover of Mrs. Smith "upon the mere showing of ordinary or simple negligence on the part of said defendant; or that the said defendant, Neville Irwin Smith, merely violated some traffic rule or law, or that she failed to operate her car as a reasonably prudent person would have operated the car under the circumstances."

The plaintiff objected to the wording of this instruction in so far as it told the jury that he was not entitled to recover upon the mere showing that the defendant Smith had *"merely violated some traffic rule or law."* He argues that the inclusion of the italicized words in this instruction was erroneous in any aspect of the case; that if the violation of the right-hand rule of traffic by Mrs. Smith, under the circumstances of this case, was not gross negligence as a matter of law, it was at least a question for the jury as to whether such violation constituted gross negligence; and that under the language used the instruction took away from the jury the decision of this question.

In our opinion the point is well taken. While, as we have said, the violation of the right-hand rule of traffic is not *per se* gross negligence as a matter of law, it may amount to such under some circumstances. If Mrs. Smith was in fact driving on the wrong side of the road in violation of the statute, in the manner and under the circumstances described by the driver of the Turner car, then she was guilty of gross negligence.

Indeed, Instruction B-3, given at the request of the plaintiff, so told the jury, and hence it was in direct conflict with the instruction complained of.

The judgment complained of will be set aside and the case will be remanded for a new trial as to both defendants.

*Reversed and remanded.*