736

## KRUEGER et al. v. TAYLOR.
### No. 7950.

United States Court of Appeals for the District of Columbia.

Argued Dec. 2, 1942.

Decided Dec. 31, 1942.

Messrs. Earl H. Davis and Lester Wood, both of Washington, D. C., for appellants.

Mr. Frank H. Myers, with whom Messrs. Norman B. Frost and Frederic N. Towers were on the brief, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

■ Appellants sued appellee for personal injuries caused by an automobile accident in Virginia on February 13, 1938. Since they were guests in a car which he owned and drove, he was not liable under the law of Virginia unless he was guilty of what is there called "gross" or "culpable" negligence. The Virginia court has said of negligence that "to be gross it should shock fair-minded men."[1] "A mere failure to skillfully operate an automobile under all conditions, or to be alert and observant, and to act intelligently and operate an automobile at a low rate of speed may, or may not, be a failure to do what an ordinarily prudent person would have done under the circumstances, and thus amount to lack of ordinary care; but such lack of attention and diligence, or mere inadvertence, does not amount to wanton or reckless conduct, or constitute culpable negligence for which defendant would be responsible to an invited guest."[2]

■ Appellee was an inexperienced driver, licensed only nine days before the accident. The accident occurred about 11:30 in the morning of a clear day. Appellee had been driving with the same guests since 8 o'clock, and had covered about 125 miles. At a point where the road curved gradually to the left the car went off the road to the right, and the part of the car between the engine and the right front wheel struck a tree a little more than six feet from the road. There was no other traffic. Appellee was driving at 30 to 35 miles an hour just before he reached the curve, and struck the tree at 25 to 30 miles an hour. One of the appellants testified that he saw the car gradually leaving the road, three to five seconds before the accident, and warned appellee not to hit the tree. Appellee testified that he was driving in the middle of the road as he approached the curve, turned the wheel in order to get to the right side of the road, and could not remember what happened afterward. The tree was visible for 400 feet. Appellee estimated that it was 15 feet away when he turned toward the side of the road. He also testified that he was tired.

[1] Carroll v. Miller, 175 Va. 388, 9 S.E. 2d 322, 326.

[2] Lennon v. Smith, 173 Va. 322, 327–328, 2 S.E.2d 340, 343. Cf. Smith v. Turner, 178 Va. 172, 16 S.E.2d 370, 136 A. L.R. 1251.

Appellee moved for a directed verdict. The court overruled the motion and the jury found for the plaintiffs (appellants). The court then granted appellee's motion to set aside the verdict and enter judgment for him, on the ground that there was not sufficient evidence to support a finding of "gross" negligence.

We think the court was right. The failure of appellee's attempt to get on the right side of the road was evidently due either to a momentary "failure * * * to be alert and observant," in which case it did not amount to gross negligence under Virginia law, or else to his lack of skill or knowledge; specifically, knowledge of the time in which, the degree to which, or the force by which an automobile moving at 30 miles an hour may be deviated from its course and made to follow a curve. On the theory that appellee, as a reasonable man, ought to have inferred his limited skill from his limited experience, his undertaking to drive several hours with guests might be considered negligent. But there is nothing to suggest that his lack of skill was so gross as to make his negligence shocking. There is evidence to the contrary in the fact that he drove well, so well that one of the appellants conceded "I couldn't drive better myself," for 125 miles, in the course of which he successfully rounded a great many curves.

Affirmed.