# Richmond

## CASEY WALLER v. L. E. WALLER.

January 12, 1948.

Record No. 3278.

Present, All the Justices.

The opinion states the case.

*Edward J. Hotchkiss, Jr.* and *Basil G. Watkins*, for the plaintiff in error.

*Stowers & Stowers*, for the defendant in error.

STAPLES, J., delivered the opinion of the court.

On December 17, 1945, the defendant in error, L. E. Waller, who will hereinafter be referred to as the plaintiff, was riding in an automobile in Campbell county as a gratuitous guest of his brother, Casey Waller, the plaintiff in error and hereafter designated as the defendant. With them at the time were plaintiff's wife and father. They had been on a Christmas shopping trip at the town of Brookneal and had later visited another brother who lived a few miles away. About six o'clock that evening they were returning home, traveling in an easterly direction toward Brookneal on U. S. Route 501 a short distance west of Naruna. They had passed a very short distance beyond the crest of a rise or knoll in the road when the defendant's car collided with a truck, resulting in serious bodily injuries to the plaintiff. He sued jointly the defendant, Casey Waller, the Virginia Wine Company, owner of the truck, and Ralph Anderson, the driver of the truck. The trial court rendered judgment upon the verdict of the jury in favor of the defendants Virginia Wine Company and Anderson; and also in favor of the plaintiff against the defendant Casey Waller for $5,000 damages. At the request of the defendant Casey Waller, without objection on the part of the plaintiff, the court gave the following instruction:

"The court instructs the jury that the plaintiff, being a guest in the defendant Casey Waller's automobile, he cannot recover against the defendant, Casey Waller, unless you find from a preponderance of the evidence that his injuries complained of, were proximately caused by conduct on the part of Casey Waller in the operation of his car constitut-

ing gross negligence, that is, that degree of negligence which shows an utter disregard of prudence amounting to complete disregard of the safety of the plaintiff."

The correctness of the instruction is not here drawn in question, so the principle therein stated will be accepted as the law of this case. The verdict of the jury, is in effect, a finding of gross negligence on the part of the defendant. This writ of error brings before us for review the judgment against Casey Waller entered on said verdict.

The first question presented is whether the evidence is sufficient to support the jury's finding of gross negligence on the part of the defendant. Though there is sharp conflict in the testimony, there is ample evidence in the record to justify the jury in concluding that it established the following facts: That the defendant had been drinking prior to the accident; that a short distance from the place of the collision he was driving his car in a zigzag pattern, veering from one side of the road to the other; that immediately before the collision the defendant's car had completely left its own eastbound lane; that not only was it over in the lane of the approaching truck, but its two left wheels had crossed beyond the paved surface and were running on the shoulder along the side of said lane, and that, in a sudden effort to cross from the truck's lane back into his own, the defendant pulled his car quickly to the right just as the truck was approaching in its lane and the left side of the front end of plaintiff's car struck the right front end of the truck, knocking it around from its own westbound lane into the eastbound lane and turning it over. The paved surface of the road was eighteen feet wide. For a distance of several hundred yards on both sides of the place of collision the road was straight, but there were several dips and rises which temporarily obscured the view of approaching cars. The truck and the car were both in depressions approaching one another on opposite sides of a hill or knoll just before the accident occurred. Before entering these depressed areas, their headlights had been visible to one an-

other. The collision occurred right after they simultaneously reached the short stretch along the top of the knoll.

The defendant insists that, even if the jury believed the foregoing facts, his actions cannot be said to constitute *gross* negligence. In support of this position, he quotes the following from *Smith* v. *Turner*, 178 Va. 172, 178, 16 S. E. (2d) 370, 136 A. L. R. 1251:

"But driving on the wrong side of the road does not necessarily constitute gross negligence. Certainly one who inadvertently permits the left-hand wheels of his car to pass to the left of the center line of an open road is not guilty of gross negligence. * * *."

But the opinion quoted from makes it clear that, although driving with a portion of the car on the left-hand side of the center line is not *necessarily* gross negligence, it can be so held when the circumstances justify it. Said the opinion, "While, as we have said, the violation of the right-hand rule of traffic is not *per se* gross negligence as a matter of law, it may amount to such under some circumstances". (178 Va. 181). What, then, were the circumstances attending the defendant's driving on the left side of the highway? He was ascending a slight hill or knoll which obstructed the view of any vehicle approaching from the opposite direction. The highway department in recent years has adopted the practice of placing double white lines in the center of the road on ascending grades as additional warning to the driver to stay on the right side of them, and to inform him that due to the obstructed view it is hazardous to cross these lines because of the danger of collision with a vehicle coming from the opposite direction. The defendant here, ignoring all the rules of safety, drove up the hill wholly on the wrong side of the line and upon reaching the top found himself suddenly in the path of the oncoming truck. The collision inevitably resulted. It was due solely to his reckless disregard of his own safety, or that of his guests.

We think the circuit court correctly concluded that the evidence supports the verdict of the jury. It is in accord

with the views expressed in *Collins* v. *Robinson,* 160 Va. 520, 522-523, 169 S. E. 609, as follows:

"The great weight of the evidence in the case at bar shows clearly that the defendant, who admittedly knew of the approach of the oncoming car, with ample time to pull to his side of the road, drove his car around the curve, on the inside thereof, in the night time on a twenty-two foot road and directly in the lawful path of the oncoming car. He was not driving on the right side of the road as required by law and he could not see around or over the curve, by reason of the bank on the inside, though he could and did see the reflection and flash of the lights of the Turner car. He was solely responsible for the collision and his conduct on that occasion, as a matter of law, amounted to gross or great negligence. * * *."

While it does not appear in the record that the defendant Casey Waller actually knew of the truck's approach, the driver of the truck testified that he saw the defendant's car a considerable distance away just before his truck dropped down into the last dip preceding the collision. The defendant, if he was keeping any lookout at all, was bound to have seen the lights of the truck at the same time, before both cars entered the respective depressions which later obscured their view of each other. But, whether he knew of the truck's approach or not, the fact that he was running his car in an easterly direction up the slope of the hill in the westbound lane, where he was unable to see what vehicles might be approaching in that lane from beyond the hilltop, is clearly sufficient to support the jury's finding of gross negligence.

Defendant also would invoke the principle that, generally speaking, a party to a suit is bound by his own testimony, and argues that, since the plaintiff's testimony and that of some of his witnesses are in conflict with that of the truck driver and his companion, a verdict for the plaintiff cannot be sustained, because it is necessary to support the verdict that the testimony of the truck driver and his companion be relied on. Defendant's brief relies upon the following

statement of the principle which was applied in *Massie* v. *Firmstone*, 134 Va. 450, 462, 114 S. E. 652:

"* * * As a general rule when two or more witnesses introduced by a party litigant vary in their statements of fact, such party has the right to ask the court or jury to accept as true the statements most favorable to him. In such a situation he would be entitled to have the jury instructed upon his contention, or if there were a demurrer, to the evidence, the facts would have to be regarded as established in accordance with the testimony most favorable to him. This is not true, however, as to the testimony which he gives himself. No litigant can successfully ask a court or jury to believe that he has not told the truth. His statements of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he has testified."

In the case quoted from Massie, a real estate broker, sued Firmstone for commissions on an alleged sale of his property to one Dashiell. Massie's testimony, together with certain letters he admitted writing, established facts which precluded a recovery by him. However, the proposed purchaser, Dashiell, testified to a different state of facts, and Massie sought to have his own testimony and letters disregarded and a judgment rendered in his favor on the basis of Dashiell's testimony which conflicted with his own. The facts testified to by Massie were within his peculiar knowledge and left no room for him to have been honestly mistaken in his testimony with respect to them. Under these circumstances, he could not be heard to say his own statements were untrue. They were not opinions or conclusions hastily formed in the confusion of an emergency as in *Worrell* v. *Worrell*, 174 Va. 11, 17, 4 S. E. (2d) 343.

We find nothing in the testimony of the plaintiff in this record which would bring it within the influence of the principle enunciated in the Firmstone case quoted from above. He was asked the question, "Do you know

anything at all about how this wreck occurred?", to which he replied, "No, sir. I was picking on my brother's banjo I had borrowed to have a kind of little fun during Christmas holidays, and when the wreck occurred I knew nothing about it". He further testified he was in the back seat at the time; that he had not seen the defendant take any whiskey, and, if he was under the influence of it or had had any alcohol, he could not tell it; that he saw nothing about the way defendant was driving to alarm him or call attention to the fact that it was not all right as he himself was playing the banjo, and that as far as he knew defendant was driving on his proper side of the road. This testimony was wholly negative in character, in that it did not tend to place responsibility for the accident on either the defendant or the driver of the truck. Nor do we think the plaintiff is bound by the statements of his witnesses. The testimony of his wife and father, if the jury had believed the correctness of same, probably would have led them to the belief that the collision was the proximate result of negligence on the part of the truck driver. These witnesses' impressions of what transpired were formed in the confusion of an impending crash which resulted in injury to both, and, however much good faith may be attributed to them, latitude must be allowed in considering whether their observations, or their memories of them, were accurate. But the plaintiff also called as a witness Sergeant L. L. Stanley *whose testimony pointed to the negligence of defendant Casey Waller as the cause of the accident.* Furthermore, the fact that the plaintiff sued the operators of both vehicles showed that he was not certain where the legal responsibility for the accident rested. He sought a judgment against both of them, and in an action of this kind resulting from a collision the innocent injured party is entitled to the benefit of all evidence adduced by both of the respective defendants in the efforts of each to place the blame upon the other.

Defendant also insists that the evidence shows that the plaintiff was guilty of contributory negligence as a matter

of law because he continued to ride in the automobile without protest. At defendant's request the court granted his Instruction No. 2, which was as follows:

"The Court instructs the jury that the law places upon every person, the duty to take such precautions for his own safety as a reasonably prudent person would take under like circumstances and conditions, and the failure to do so constitutes negligence in law.

"Therefore, if you find from a preponderance of all the evidence that the plaintiff, L. E. Waller, continued to ride in the defendant, Casey Waller's automobile after he discovered, or by the exercise of ordinary care, should have discovered that the defendant, Waller, was either under the influence of intoxicants, or was driving his automobile in a grossly negligent manner, without protest, or making any effort to get out of same, he having an opportunity to do so after such discovery, and that a reasonably prudent person under these circumstances, would have taken such precautions for his own safety, then the plaintiff would be guilty of negligence, and if you further find that such negligence contributed to his injuries, then he cannot recover."

The defendant's theory was thus fairly submitted to the jury. The testimony of the plaintiff above referred to is the only direct evidence on the subject and was adequate to support the jury's finding that he was not guilty of contributory negligence.

On the whole case we are of opinion that the judgment of the circuit court must be affirmed.

*Affirmed.*