## Richmond

### Louis P. Fleming v. Sally Bowman.

December 3, 1962.

Record No. 5476.

Present, All the Justices.

*A. Scott Anderson* and *Edward A. Marks, Jr.,* (*Hunter W. Martin; Sands, Anderson, Marks & Clarke,* on brief), for the plaintiff in error.

*Roy E. Cabell, Jr.* (*M. Wallace Moncure, Jr.; Moncure & Cabell,* on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was instituted by Sally Bowman against Louis P. Fleming to recover damages for personal injuries suffered by the plaintiff while riding as a guest in the automobile owned and operated by the defendant.

Upon the trial of the case the court overruled a motion of the defendant to strike plaintiff's evidence on the ground that gross negligence had not been proved. Later the court sustained a motion of the plaintiff to strike the evidence of the defendant on the ground that

gross negligence had been proved as a matter of law. Thereupon the case was submitted to the jury on the question of damages only; whereupon the jury returned a verdict in favor of plaintiff in the sum of $18,000, upon which judgment was entered over the objection of the defendant. From this judgment defendant has appealed.

It is disclosed that the accident occurred about 9:15 p.m. on the night of May 22, 1959, at the intersection of State Highway No. 2 and Wilkerson Road in Henrico County. Highway No. 2 runs north and south and Wilkerson Road runs east and west. They form a right-angle intersection.

The Fleming car was going east on Wilkerson Road at between 25 and 30 miles per hour as it approached the intersection. A car driven by Thomas L. Davis (who at first was made a co-defendant and later dismissed), traveling at a speed of 55 miles per hour, proceeding south on Highway 2, was also approaching the intersection.

There was a stop sign on Wilkerson Road, against defendant Fleming. On Highway 2, some 200 feet north of the intersection, there was a highway sign consisting of a diamond shaped piece of metal painted yellow with black cross marks on it indicating an intersection on the highway. This sign was against Davis as he was proceeding south on Highway 2. The speed limit on Highway 2, north of the intersection, was 55 miles per hour. Wilkerson Road, approaching the intersection, is straight and level. Highway 2, going south, approaching the intersection, is upgrade for approximately 200 feet. On the northwest corner the land lying between the two roads is elevated above the level of each road. In other words, Wilkerson Road approaches the intersection through a cut. Thus each driver's view of the other vehicle was obstructed.

The accident occurred when Fleming as well as his guest, the plaintiff, seated on his right, failed to see the stop sign on Wilkerson Road. Just as Fleming, without stopping, proceeded out into the intersection, the Davis car, traveling 55 miles per hour, collided with his car, causing the injuries complained of.

Fleming, upon being asked by his counsel to explain what happened, answered:

"A. Well, the accident happened, I ran out into the road before I knowed it and that is where the accident happened, right there."

On cross-examination he testified:

"Q. You were not paying enough attention until you got to No. 2 and ran right out into it and hit this car?

"A. As I said, I didn't realize I had ran out to the road.

"Q. And if you had been paying attention to where you were driving and looking for No. 2 highway, you would have stopped when you got there, wouldn't you?

"A. If I had seen the sign I would have stopped."

The plaintiff testified, when asked by her counsel:

"Q. Now will you tell the jury what Louis Fleming did as he came up to that intersection? Tell them whether or not he stopped his car as he approached the intersection.

"A. The minute he stopped, he was too far in the highway. When he stopped, that is the time the car hit him."

On cross-examination plaintiff testified:

"Q. On this particular night in question I believe you told Mr. Cabell [plaintiff's attorney] a while ago he [Fleming] was going about 20 miles an hour before the accident?

"A. That's right.

"Q. And you were looking to the right and approached that intersection. Did you see this stop sign?

"A. No, sir.

"Q. You said, I believe, that Louis [Fleming] stopped when he got out to the edge of the road?

"A. When he stopped, the minute the car hit him.

\* \* \*

"Q. So you didn't see Mr. Davis' car until after the accident occurred?

"A. No, sir."

The four assignments of error charge (1) that the trial court erred in refusing to grant Fleming's motion to strike plaintiff's evidence and enter summary judgment for him; (2) that the trial court erred in striking Fleming's evidence; (3) that the trial court erred in submitting the case to the jury on the issue of damages only; and (4) that the trial court erred in refusing to set aside the jury's verdict against defendant Fleming and enter final judgment as to him or, in the alternative, grant him a new trial.

These assignments are reduced to two questions: (1) Did the court correctly overrule defendant's motion to strike plaintiff's evidence; and (2) did the court err in holding the defendant guilty of gross negligence as a matter of law?

We are of the opinion that the court correctly overruled the motion of the defendant to strike plaintiff's evidence. And we hold that the court erred in ruling that the defendant was guilty of gross negligence as a matter of law. Both questions presented factual matters for the

jury to determine under proper instructions. *Solterer v. Kiss*, 193 Va. 695, 701, 702, 703, 70 S. E. 2d 329, 333, 334, 335; 2 Mich. Jur., Automobiles, § 44, page 502; 60 C. J. S., Motor Vehicles, § 258(c), page 633, and § 399(4), page 998.

The trial court, when first ruling on plaintiff's motion to strike defendant's evidence on the ground that Fleming was guilty of gross negligence as a matter of law, stated:

"I am under the opinion that * * * reasonable men may differ whether he [Fleming] was grossly negligent in going through the stop sign. For that reason, I overrule the motion."

The court was here correctly holding that under the facts and circumstances of the case a jury question was presented as to whether or not the defendant was guilty of gross negligence. Later, however, the court reversed its reasoning and held that the defendant was guilty of gross negligence as a matter of law, thus sustaining plaintiff's motion to strike the evidence of the defendant, and submitting the question of damages only to the jury.

Whether the injuries to the plaintiff "resulted from the gross negligence or willful and wanton disregard of the safety of the person," as required by Code, § 8-646.1, was a question of fact for the jury to decide.

We have said many times that gross negligence is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another, such as to be shocking to reasonable men. If the evidence is such that reasonable men should not differ as to what is proved, the question is one of law for the court; and, conversely, if the evidence is such that reasonable men may differ as to the degree of negligence, the question is one of fact for the jury. *Rigney v. Neauman*, 203 Va. 822, 127 S. E. 2d 403.

Clearly, reasonable men might differ as to whether or not the facts and circumstances in this case constituted gross negligence. *Young v. Dyer*, 161 Va. 434, 440, 170 S. E. 737, 739; *Yorke v. Cottle*, 173 Va. 372, 4 S. E. 2d 372; *Finney v. Finney*, 203 Va. 530, 533, 125 S. E. 2d 191, 193.

For the reasons stated the judgment appealed from is reversed, the verdict of the jury set aside, and the case is remanded for a new trial consistent with the views expressed.

*Reversed and remanded.*