# Richmond

### Bernard C. Bond v. Margaret Joyner.

June 15, 1964.

Record No. 5746.

Present, All the Justices.

*Harry E. McCoy* (*Seawell, McCoy, Winston & Dalton,* on brief), for the plaintiff in error.

*Herbert K. Bangel* (*Bangel, Bangel & Bangel,* on brief), for the defendant in error.

I'Anson, J., delivered the opinion of the court.

This action was instituted by Margaret Joyner, plaintiff, against Bernard C. Bond and David McDougle, defendants, to recover damages for personal injuries sustained when Bond's automobile, in which plaintiff was riding as a guest, collided with a truck driven by McDougle.

There was a jury trial, and at the conclusion of plaintiff's evidence, and again after all the evidence was heard, Bond made a motion to strike the evidence and enter summary judgment as to him on the ground that as a matter of law it failed to establish gross negligence. These motions were overruled and the jury returned a verdict against both defendants in the amount of $18,000, upon which judgment was entered. We granted Bond a writ of error, but McDougle's petition for a writ was denied and the judgment is final as to him.

Plaintiff filed a motion to dismiss this appeal because the defendant Bond failed to designate for printing all of the material testimony given at trial in the court below. Rule 5:1, § 6.

The material testimony which plaintiff alleges is not in the printed record appears in her reply brief. From an examination of testimony in the reply brief and the printed record, we find that all the testimony which is material to the disposition of this case is indeed in the printed record.

Moreover under Rule 5:1, § 6(a), plaintiff was afforded the opportunity to designate for printing those additional portions of the evidence which she considered to be material, but she failed to exercise this right. *Frye* v. *Alford,* 203 Va. 461, 462-463, 125 S. E. 2d 177, 178; *Jenkins* v. *Womack,* 201 Va. 68, 69, 109 S. E. 2d 97, 98; Boyd, Annual Survey of Virginia Law, 48 Va. L. Rev. 1523, 1543-1545. Hence, the motion to dismiss is overruled.

Bond contends that as a matter of law the evidence failed to establish gross negligence on his part, and that the trial court erred in

overruling his motions to strike and enter summary judgment for him.

The·jury's verdict having settled all conflicts in the evidence, plaintiff is entitled to have it considered in the light most favorable to her.

The accident occurred at 10 P.M. on March 31, 1962, at the intersection of Elm avenue and South street in the city of Portsmouth. It had been raining and the streets were wet. Elm avenue is a four-lane street divided by a double unbroken line, and runs north and south. South street is a two-lane street running generally east and west and intersects Elm avenue at a slight angle. The intersection is controlled by a conventional overhead traffic light.

Earlier that evening, the plaintiff and Bond had dinner at a restaurant in South Norfolk, where each of them had drunk a bottle of beer. They were on their way to plaintiff's home, traveling north on Elm avenue, when the accident occurred. Plaintiff testified that Bond drove in a proper and normal manner during the evening, and that she felt "perfectly safe" with him. As they approached the intersection of Elm avenue and South street Bond was in his proper lane, traveling at a lawful and reasonable rate of speed, and he had the green light to proceed through the intersection. At the moment Bond's car entered the intersection plaintiff's attention was diverted to her right and she did not see the automobile collide with the truck operated by McDougle. She did not deny that she had told Bond on several occasions after the accident that it was not his fault.

Both defendants were called by the plaintiff as adverse witnesses. Bond testified that after he had traveled through the intersection the truck operated by McDougle, which was traveling in the opposite direction on Elm avenue, suddenly made a left turn across his lane of travel and the left front fender of his car struck the left front of the truck. On the other hand, McDougle, who the evidence shows was under the influence of intoxicants at the time of the collision, testified that he had stopped his truck in the inside lane on Elm avenue within one foot of the north edge of its intersection with South street. His left-turn signal light was blinking, and while the truck was stopped Bond's car crossed the center line of Elm avenue into the lane for southbound traffic and collided with his truck.

There was testimony from many disinterested witnesses that at the time of the collision the left front wheel of the truck was on the center line of Elm avenue with both front wheels turned as if it was going to

make a left turn into South street, and that the Bond automobile crossed two or three feet to the west of the center line into the truck's lane of travel. Some of these witnesses placed the point of impact at approximately twenty to thirty feet north of the intersection.

Bond first says that the trial court erred in not sustaining his motion to strike plaintiff's evidence and enter summary judgment because under the doctrine of *Massie* v. *Firmstone*, 134 Va. 450, 114 S. E. 652, the plaintiff cannot make out a better case against him than that shown by her own testimony, and that it exonerates him of gross negligence.

Under the rule of *Massie* v. *Firmstone, supra*, a plaintiff is bound by his unequivocal testimony as to facts within his knowledge and upon which his case turns. See also *Virginia R. & P. Co.* v. *Godsey*, 117 Va. 167, 171, 83 S. E. 1072, 1073; and Anno., 169 A. L. R. 798, 815, 825, where many Virginia cases are collected. But this rule is subject to qualifications and exceptions. Whether a litigant is precluded from recovery by his own testimony must be determined from a fair reading of it in its entirety, rather than by reference to isolated adverse statements, and it must clearly and unequivocally show that the party has no case. *Crew* v. *Nelson*, 188 Va. 108, 114, 49 S. E. 2d 326, 329; *VEPCO* v. *Mabin*, 203 Va. 490, 493, 494, 125 S. E. 2d 145, 148.

Measuring plaintiff's testimony by these principles, it is not of such a nature in itself as to preclude her from a recovery against Bond as a matter of law. It is true plaintiff testified that Bond's actions when he approached the intersection, and as he entered it, were normal and proper. However, she gave no testimony as to the manner in which Bond operated the car after he entered the intersection because her attention was diverted away from the street and she never saw the truck operated by McDougle. Thus plaintiff's testimony is silent as to whether or not Bond crossed the center line of the street into the lane of travel of the truck, and she was entitled to present for the jury's consideration the testimony of other witnesses, which was not in conflict with her own, as to the events which occurred immediately after Bond's car entered the intersection. Hence the trial court did not err in refusing to strike plaintiff's evidence on the sole ground that her testimony alone exonerated him of gross negligence.

Bond next says that as a matter of law all the evidence offered by the plaintiff fails to establish gross negligence on his part and the

trial court should have sustained his motion to strike her evidence and enter summary judgment. We agree with this contention.

Gross negligence is that degree of negligence which shows an utter disregard of prudence, amounting to complete neglect of the safety of another, such as would shock reasonable men. Whether gross negligence has been proved depends upon the facts and circumstances of each case. If reasonable men should not differ as to the conclusion to be drawn from the facts proved, the question becomes one of law for the court. *Rigney* v. *Neauman*, 203 Va. 822, 826, 127 S. E. 2d 403, 406; *Alspaugh* v. *Diggs*, 195 Va. 1, 5, 77 S. E. 2d 362 364; *Dishman* v. *Pitts*, 202 Va. 548, 551, 118 S. E. 2d 509, 511. See § 8-646.1, Code of Virginia, 1957 Repl. Vol.

While driving on the wrong side of the highway, in violation of Code § 46.1-203, is negligence, mere inadvertence in permitting the wheels of a vehicle to cross over the center line of a highway does not in itself constitute gross negligence. *Smith* v. *Turner*, 178 Va. 172, 178, 16 S. E. 2d 370, 372, 136 A. L. R. 1251, 1254; *Dishman* v. *Pitts, supra,* 202 Va. at pp. 553, 554, 118 S. E. 2d at p. 513.

Plaintiff's testimony shows that prior to the time Bond's automobile entered the intersection it was traveling on the proper side of Elm avenue, at a lawful and reasonable rate of speed. Thus if Bond was guilty of gross negligence in operating his automobile, it must have occurred during that moment in which the car traveled from the south to the north edge of the intersection, or at some point which was approximately twenty to thirty feet north thereof, where it collided with the truck driven by McDougle. The evidence merely shows that at some point during this short interval of time and distance the left front wheel of Bond's car crossed over the center line of Elm avenue two to three feet into the lane for traffic moving in the opposite direction. At most, such action constituted simple negligence. Manifestly Bond's conduct in the operation of his car, as shown from all the evidence, was not such as to be shocking to reasonable men, or indicate that he operated it in a manner as to show an utter disregard for the safety of the plaintiff. Given the entire evidence all the force and effect it may fairly be said to possess, as a matter of law it falls short of proving gross negligence on the part of Bond. It shows no more than mere inadvertence.

The cases of *Smith* v. *Turner, supra,* 178 Va. 172, 16 S. E. 2d 370, 136 A. L. R. 1251, and *McGehee* v. *Perkins,* 188 Va. 116, 49 S. E. 2d 304, relied upon by the plaintiff are readily distinguishable on their facts.

For the reasons stated, the judgment of the court below is reversed and final judgment is here entered for the defendant Bond.

*Reversed and final judgment.*