# Richmond

CLARA HOLT BARHAM v. VIRGINIA NATIONAL BANK, SUCCESSOR OF NATIONAL BANK OF COMMERCE OF NORFOLK, ADM'R, ETC.

June 14, 1965.

Record No. 5946.

Present, All the Justices.

*John F. Rixey* (*Rixey & Rixey*, on brief), for the plaintiff in error.

*Luther W. White, III* (*Thomas L. Woodward; Worthington, White & Harper*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This action was instituted by plaintiff, Virginia National Bank, successor to the National Bank of Commerce, as administrator of the estate of Lucy Mason Holt, against Clara Holt Barham and Arthur Lee Phillips, defendants, to recover for the wrongful death of Miss Holt, who died as a result of injuries sustained when an automobile driven by Miss Barham, in which the deceased was riding as a guest, collided with a pick-up truck driven by Phillips.

There was a jury trial, and at the conclusion of plaintiff's evidence, and again after all evidence was heard, defendant Barham moved the court to strike the evidence and enter summary judgment for her on the ground that there was not sufficient evidence of gross negligence as a matter of law to make out a jury question. The motions were overruled and the jury returned a verdict of $8,000 for the administrator against the defendant Barham, and Phillips was exonerated of any negligence. We granted Miss Barham, sometimes hereinafter referred to as defendant, a writ of error.

Defendant contends (1) that she was not guilty of gross negligence as a matter of law, and (2) that the court erred in granting certain instructions.

The jury's verdict having resolved all conflicts in the evidence, plaintiff is entitled to have the evidence considered in the light most favorable to it.

The accident occurred at approximately 6:50 P.M. on August 21, 1961, at the intersection of state routes 308 and 652 in Southampton county, Virginia. It was daylight, the weather was clear, the roads were dry, and the visibility was good.

Route 308 runs generally north and south and is 18 feet wide; route 652 runs east and west and is approximately 16 feet wide. The two roads meet at right angles to form an intersection which is controlled by stop signs facing traffic traveling east and west on route 652. The stop sign for traffic traveling west on route 652 was approximately 36 feet from the eastern edge of the intersection. At the southeast corner of the intersection there was an embankment estimated to stand about six feet above the level of the roadway, and on the edge of the embankment and running parallel with highway 308 there was a fence approximately three or four feet high. About 600 feet south of the intersection on route 308 there is a crest of a small hill, and a motorist proceeding west on 652 could see as far as the crest of the hill only if he had reached a point approximately 22 feet east of the edge of route 308.

On the day in question, defendant was proceeding west on 652 at a speed of approximately 35 miles per hour. She was thoroughly familiar with the intersection and said she slackened her speed when she reached the stop sign facing her and brought her car to a stop at the intersection. She looked first to her left and then to her right, and not seeing any traffic on route 308 she started through the intersection. She did not see the truck operated by Phillips until it struck her car on its left front fender.

Mrs. Nancy G. Barham, also a guest in Miss Barham's car, corroborated her host's testimony that she stopped at the intersection.

An investigating officer testified that Miss Barham told him that she did not stop back at the stop sign but crept up to the east edge of "route 308 and hesitated, looked both ways, and then started across the intersection"; and that she never saw the Phillips truck until it struck her car.

Phillips testified that he was traveling north on route 308 at a speed of approximately 40 to 50 miles per hour (which was within the legal limit) and that when he was approximately 100 feet from the intersection Miss Barham's car "popped in the highway" ahead of him. He applied his brakes but was unable to stop his truck and it struck the left front fender and door of the Barham car, after laying down 33 feet of skid marks. He also said that he was unable to estimate the speed of the Barham car, but that it was moving the entire time he saw it.

The point of impact between the vehicles was $3\frac{1}{2}$ feet west of the center line of route 308. The Barham car came to rest in a ditch at the northwest corner of the intersection, 39 feet from the point of impact. The Phillips truck was turned completely around by the impact and came to rest on its side in the same lane in which it had been traveling, 27 feet from the point of impact.

Defendant says that the evidence does not show that she was grossly negligent, Code § 8-646.1, 1957 Repl. Vol., and the case should not have been submitted to the jury.

We have repeatedly said that "gross negligence is that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another." Whether gross negligence has been proved depends on the facts and circumstances of each case. If the evidence is such that reasonable men should not differ as to the conclusions drawn from what has been proved, the question is one of law for the court; and conversely, if reasonable men may

differ, then the question is one of fact for determination by a jury. See *Rigney* v. *Neauman*, 203 Va. 822, 826, 127 S. E. 2d 403, 406; *Fleming* v. *Bowman*, 203 Va. 876, 879, 128 S. E. 2d 290, 292; *Bond* v. *Joyner*, 205 Va. 292, 296, 136 S. E. 2d 903, 906.

In *Solterer* v. *Kiss*, 193 Va. 695, 701-703, 70 S. E. 2d 329, 333-335, the facts were quite similar to the case at bar except there was no stop sign at the intersection. There the host-defendant was driving on a secondary road which intersected a primary road at right angles and the view to his left at the intersection was obstructed by an embankment at the corner. The host-defendant did not stop his vehicle at the intersection or look to see if it was free from oncoming traffic before entering the intersection, and we held that the question as to whether the host-defendant was guilty of gross negligence was a factual one for the jury's determination. See also *Fleming* v. *Bowman, supra*, 203 Va. at p. 879, 128 S. E. 2d at p. 292.

Here the evidence shows that the defendant drove her automobile directly into the path of an oncoming truck in an intersection controlled by a stop sign and with her view obscured by an embankment and fence. She either entered the dangerous intersection, with which she was thoroughly familiar, without looking to her left for traffic proceeding north on route 308, or looked at a time when her lookout was not effective. Obviously she did not see what she should have seen, if she did look, because she had a clear view of oncoming traffic from her left for a distance of 600 feet when her car was within 22 feet of the east edge of highway 308. Whether defendant drove her automobile into the intersection "in utter disregard of prudence amounting to complete neglect of the safety of others" was a factual question upon which reasonable men may differ, and thus the trial court correctly submitted the question of gross negligence to the jury for its determination.

Defendant next contends that the court erred in granting certain instructions.

Instruction No. 2 reads as follows:

"At the time and place of the accident involved herein, it was the duty of the defendant, Barham, as to Lucy Mason Holt, *to exercise slight care:*

1. To stop her vehicle in compliance with the stop sign she faced and to look for other traffic before proceeding forward;
2. To keep her vehicle under proper control;
3. To keep a proper lookout;

4. To operate her vehicle at a reasonable speed under all circumstances, having due regard to the width, surface and other conditions on the highway then and there existing.

"And if the jury believes from the evidence that the defendant, Barham, *failed to exercise slight care in the performance of any one or more of the foregoing duties, then she was grossly negligent;* and if you further believe from the evidence that any such gross negligence was a sole proximate cause of the accident, then you shall return your verdict in favor of plaintiff and against the defendant Barham." (Italics supplied.)

The instruction is misleading and prejudicially erroneous. It told the jury that it was the duty of the defendant Barham to exercise *slight care* as to the four duties enumerated, and that if she failed to exercise *slight care* in any *one* or more of the duties she was grossly negligent. The four duties enumerated in the instructions indicate to the average person those duties necessary to be performed in the exercise of ordinary care. Mere failure to use "slight care" in the performance of any one of the duties does not necessarily constitute gross negligence. "Slight care" includes also such care as careless or inattentive persons usually exercise, while gross negligence is carelessness manifestly and materially greater than want of common prudence. Defendant's general duty was to exercise reasonable care; but she was liable to her guest passenger only if she was grossly negligent in failing to do so. Gross negligence is "that degree of negligence which shows an utter disregard of prudence amounting to complete neglect of the safety of another." Since the instruction failed to clearly define the difference between ordinary and gross negligence, it was misleading and confusing. It also in effect directed a verdict for the plaintiff.

The first two sentences in instruction No. 1* were taken from the Court's language in *Umberger* v. *Koop,* 194 Va. 123, 131, 72 S. E. 2d 370, 375. The language used is argumentative, and the instruction should be rephrased if given in a retrial of the case.

---

* "A stop sign is a notice that danger lies ahead, and it is the duty of the driver of a vehicle faced with a stop sign to stop at a point from which, in the exercise of proper care, he can see traffic moving on the highway proposed to be entered. The duty to look requires not only the physical act of looking, but also reasonably prudent action to avoid the dangers which an effective lookout would disclose. And if you believe from the evidence that Clara Barham violated any of the foregoing duties then she was guilty of negligence, and if you believe such violation was gross, wanton or culpable, and was a proximate cause of the collision, then you should return your verdict in favor of the plaintiff against Clara Barham."

The two other instructions complained of dealt with the defendant Phillips. Since he will not be a defendant on a retrial of the case we deem it unnecessary to discuss those instructions here.

For error in the instructions, the judgment below is reversed, the verdict is set aside, and the case is remanded for a new trial.

*Reversed and remanded.*