# Staunton

LOUISE MAY WHITE v. O. L. GREGORY AND WILLIAM L. MILLER.

September 26, 1933.

Present, Campbell, C. J., and Epes, Hudgins and Gregory, JJ.*

The opinion states the case.

*Reuben E. Spandorfer* and *James G. Martin,* for the plaintiff in error.

*S. Burnell Bragg,* for the defendants in error.

* Chinn, J., was present at argument, but did not participate in decision.

EPES, J., delivered the opinion of the court.

This is an action brought by Louise May White against O. L. Gregory and William L. Miller, to recover for injuries received by her while riding in an automobile driven by Miller and owned by Gregory.

The jury returned a verdict in favor of the plaintiff for $5,000. The court set the verdict aside on the ground that it was contrary to the law and the evidence and without evidence to support it, and entered judgment for the defendants.

The only assignment of error is that the court erred in setting aside the verdict on this ground and entering judgment for the defendants.

█ The court is of opinion that there is sufficient evidence to support a finding that Miller was guilty of negligence, but that it is insufficient to show that he was guilty of that gross or wanton negligence which must exist to enable a mere guest to recover against his host. *Boggs* v. *Plybon,* 157 Va. 30, 160 S. E. 77; *Jones* v. *Massie,* 158 Va. 121, 163 S. E. 63; *Young* v. *Dyer, post* page 434, 170 S. E. 737 (decided September, 1933).

The other two questions presented by this appeal are: (1) At the time of the accident was Miller acting as the agent or servant of Gregory and in the scope of his employment? (2) Was the plaintiff at the time of the accident a mere guest of the driver or of his employer?

The facts bearing upon these questions are as follows: O. L. Gregory was the owner and operator of a funeral home and undertaking parlors in the city of Norfolk, but did not live in the house himself. His general manager, Otis P. Lazenby, lived in the house with his family and had general charge of the establishment. William L. Miller was employed by Gregory as Lazenby's assistant.

From time to time plaintiff was employed by Lazenby, acting for Gregory, to help with dead bodies, especially the bodies of women and children, and to meet and be

courteous to the families of the dead coming to the funeral home. She was paid a fee or commission for her services.

The afternoon before the injury in question a woman was killed and badly mutilated in an automobile wreck at Hopewell, and the body was brought to Gregory's funeral home in Norfolk. Lazenby sent Miller in Gregory's automobile to get the plaintiff to care for this body and meet the family, and Miller drove her to the funeral home, where she spent the night waiting for the dead body to be brought in from Hopewell. Early in the morning Lazenby and Miller arrived from Hopewell with the dead body, which required a considerable amount of work to be done upon it by plaintiff before it would be presentable for the family, who were expected to arrive shortly after breakfast time. Plaintiff asked Lazenby what time the family would be down. He said about nine o'clock, and he said: "How about you going and getting something to eat?" Plaintiff said: "Mr. Lazenby, that is just as you say." He reached over and picked the keys up from the desk and said: "Bill" (meaning Mr. Miller), "drive Mrs. White home." The plaintiff and Miller then got into the same automobile in which Miller had brought plaintiff to the funeral apartment the night before, and, with Miller driving, they started off, intending to go to plaintiff's home, so that she could get her breakfast and come back, prepare the body, and be ready to receive the family. The accident occurred while they were on the way to plaintiff's home.

█ The court is of opinion that these facts are sufficient to support a finding that the plaintiff was not a mere guest of either Miller or Gregory, and that Miller at the time of the accident was the servant of Gregory, acting within the scope of his employment.

The judgment of the trial court will be reversed, and judgment here entered for the plaintiff in error for the amount of the verdict.

*Reversed.*