# Richmond

MARGARET DOUB v. W. CHANNING P. WEAVER.

March 14, 1935.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*Sinnott & May* and *E. Peyton Turner,* for the plaintiff in error.

*E. E. Eanes, R. E. Booker* and *David M. White,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought by Margaret Doub against Weaver to recover for personal damages sustained by her while riding as guest in defendant's automobile.

The jury found for the plaintiff in the sum of $3,500. On motion of defendant, the court set aside the verdict on the ground that the evidence failed to show gross negligence on the part of the defendant, and entered judgment in his favor.

The sole assignment of error is the action of the court in setting aside the verdict of the jury.

In a written memorandum filed with the record, the Honorable Marshall R. Peterson has correctly set forth the following facts:

"The plaintiff with another young lady as her companion in proceeding from Richmond to Emporia as the expectant guest of the defendant in this case, in whose home, with the defendant's mother, they proposed to pass the week-end, suffered certain facial injuries in consequence of a collision between the car in which they were riding, then driven by the defendant, Weaver, and an automobile operated by a negro, in the environs of the town of Emporia. Until within two or three miles of the town of Emporia, the defendant's friend had driven the car upon its journey south. At this point, because of her unfamiliarity with the suburbs of the town, she surrendered the wheel of the car to the defendant, Weaver, who undertook to complete the journey. At the edge of the town, in the vicinity of the corporate limits, the hard surface State highway from Richmond to Halifax crosses another hard surface highway running east and west and intersecting the former at approximately right angles. The defendant's automobile arrived at the point of the accident after night-fall. The testimony is, on the part

of the plaintiff and her companion, that the car was traveling at a speed of fifty miles an hour a short distance before reaching the intersection. The defendant admitted that within a hundred or so yards of the crossing—not to be exact—he had been traveling at this rate, but that, as he approached the crossing, he slackened his pace until it was reduced to about thirty-five miles an hour. The plaintiff herself was unaccustomed to driving an automobile, and her estimation of the speed was not exact but rather by way of a general impression. Another witness in the case testified that he saw the car as it passed a service station, some seventy-five yards from the place of the accident, on its way to the crossing, and that, at that time, it was running about thirty, thirty-five, or forty-five miles an hour. The testimony as to the speed of the car on the whole is as usual in similar cases rather vague, and of necessity so.

"The automobile in which the plaintiff was injured was an Auburn one-seated car. The plaintiff testified that she was not looking ahead at the time of the accident, but that she was endeavoring to release the 'zipper' on her handbag, which had caught and failed to slip in proper fashion. The other young lady seated beside the defendant testified that she was looking ahead, and saw the car, which they encountered, only when they were right upon it, within a space of ten or twelve feet, as well as I recall the testimony. The defendant's testimony was to the same effect. The defendant also testified that, upon discovering the car ahead of him, he immediately applied the brakes, and that the speed of his car had been materially reduced when the impact occurred. The other car, a second-hand Buick driven by a negro, who was accompanied by another negro, approached the crossing as the defendant's car came up. This negro testified that he was under the impression that he had the right-of-way since according to his claim, his car was the first to reach the intersection although, in point of fact, he was approaching the defendant's automobile on the defendant's left hand. His car was struck by the defendant's automobile on the western half of the Richmond-Hali-

fax highway after he had cleared the middle of the intersection, and the force of the impact was sufficient to slew his car around and almost to reverse its direction. The plaintiff was injured by flying glass leaving a cut which seriously disfigures her face even after proper surgical treatment.

"When an officer, a motor vehicle inspector, appeared on the scene of the accident, a few minutes after the disaster, the Buick car was showing no lights, but, upon some adjustment of the switch controlling the lights, the lights came on though appearing to be dim. The negro admitted that the starter of his automobile was not working, but maintained that this circumstance was attributed to no defect of electric current. He testified that his lights were in good condition *previously* to the accident, and showed that they had recently been inspected and approved. Other witnesses testified that the negro's car carried lights which were visible to such witnesses at a distance of thirty to forty yards."

In the notice of motion there is no allegation that the defendant was either guilty of wilful or wanton misconduct in the operation of the automobile. The sole right of recovery is based on the allegation that defendant was guilty of gross negligence in the operation of the automobile.

The basic contention of the plaintiff is that negligence having been shown, the question whether or not such negligence constituted gross or ordinary negligence should have been submitted to a jury for final determination.

In *Boggs* v. *Plybon,* 157 Va. 30, 160 S. E. 77, the opinion, delivered by Justice Holt, committed this court to the minority doctrine (sometimes denominated the Massachusetts Rule), that before an invited guest can hold his host liable for injuries sustained while riding in an automobile, it must be shown that the host was guilty of gross negligence in the operation of the automobile. Though attacked from every possible angle in successive cases, that decision has now become a fixed rule of law.

In *Jones* v. *Massie,* 158 Va. 121, 163 S. E. 63, the doctrine was reaffirmed.

In *Collins* v. *Robinson,* 160 Va. 520, 169 S. E. 609, Justice Gregory said:

"Prior to the *Boggs Case,* a guest was permitted to recover of the host for simple negligence. *Glass* v. *Huddleston,* 155 Va. 143, 154 S. E. 506. Since the *Boggs Case,* a guest in Virginia can no longer recover of the host for simple negligence. He can only recover where it is shown that the host was guilty of gross or culpable negligence. *Jones* v. *Massie, supra."*

In *White* v. *Gregory,* 161 Va. 414, 170 S. E. 739, 740, Justice Epes said:

"The court is of opinion that there is sufficient evidence to support a finding that Miller was guilty of negligence, but that it is insufficient to show that he was guilty of that gross or wanton negligence which must exist to enable a mere guest to recover against his host. *Boggs* v. *Plybon,* 157 Va. 30, 160 S. E. 77; *Jones* v. *Massie,* 158 Va. 121, 163 S. E. 63; *Young* v. *Dyer,* 161 Va. 434, 170 S. E. 737."

In *Young* v. *Dyer,* 161 Va. 434, 170 S. E. 737, 739, the doctrine of *Boggs* v. *Plybon, supra,* was reaffirmed, and in amplification of the doctrine the court said:

"A mere failure to skilfully operate an automobile under all conditions, or to be alert and observant, and to act intelligently and operate an automobile at a low rate of speed may, or may not, be a failure to do what an ordinarily prudent person would have done under the circumstances, and thus amount to lack of ordinary care; but such lack of attention and diligence, or mere inadvertence, does not amount to wanton or reckless conduct, or constitute culpable negligence for which defendant would be responsible to an invited guest."

In *Morris* v. *Dame's Ex'or,* 161 Va. 545, 171 S. E. 662, 671, it is said: "Whether an act or omission which is a violation of this statute constitutes recklessness (in the sense of wantonness) within the purview of the law of torts depends upon the facts and circumstances of the case, and not upon

its classification in this statute under the class denominated 'reckless driving.' And unless it constitutes recklessness or wantonness under common-law principles, it is actionable or not according to the principles applicable to negligence, as distinguished from the principles applicable to the wilful, wanton, or reckless injury of another."

In *Gale* v. *Wilber*, 163 Va. 211, 175 S. E. 739, 743, the following instruction was given by the trial court:

"The court instructs the jury that the driver of an automobile owes to the guest riding therein the duty to exercise ordinary care not to increase the danger, or add a new one to those she assumed on entering the car, and while the same high degree of care may not be demanded as by a passenger who pays for her ride, yet the guest has the right to demand of the driver that a lookout be kept, that an excessive speed shall not be maintained and that the laws of the road be observed, those duties being required for the safety of everyone, those within as well as those without the automobile, and the abilities to perform which duties depend solely upon the will of the driver rather than upon experience or acquired skill, and the omission to perform these duties plainly increases the danger which the guest assumed upon entering the automobile and adds new ones."

Speaking for the court, Justice Browning said: "All of the conditions of this instruction might be breached and the party breaching them would not be guilty of gross negligence under the principles announced in *Boggs* v. *Plybon, supra,* and *Jones* v. *Massie, supra.*"

In his memorandum opinion, the trial judge said: "Reasonably fair-minded men might differ upon the question of the negligence of the defendant in this case, and the verdict of the jury in this case in favor of the plaintiff is conclusive of this question, establishing as a fact in the case that the defendant was guilty of negligence; but it is not conclusive upon the court as necessarily importing that he was guilty of gross negligence. I am of opinion that, if he were negligent, as the jury have found, his negligence was

no more than simple inadvertence and lack of ordinary care, for which he cannot be held responsible. I am, therefore, of opinion to set aside the verdict of the jury and enter judgment for the defendant."

We are in thorough accord with that statement.

In our opinon the case at bar is ruled by the decisions cited, and the judgment of the trial court should be affirmed.

*Affirmed.*