PERONTO v. COOTWARE.

1. AUTOMOBILES—PASSENGERS—UNCOMPENSATED VOLUNTEER.
   Mother who lived 42 miles from town in which her sons resided and who was sent for by one son to take care of his sick wife *held*, not a guest passenger of other son, the defendant, who was an uncompensated volunteer in conveying mother to his brother, since the trip was not for mother's own business or pleasure (1 Comp. Laws 1929, § 4648).

2. DAMAGES—PERSONAL INJURIES.
   Verdict of $2,000 for plaintiff for injuries to chest, back, left arm and head cuts which required her to stay in bed for over three months and resulted in continued pain and numbness *held*, not so large as to justify court in substituting its judgment for that of jury.

Appeal from Dickinson; Bell (Frank A.), J. Submitted October 6, 1937. (Docket No. 45, Calendar No. 39,675.)   Decided November 10, 1937.

Case by Elizabeth Peronto against Leslie Cootware for personal injuries received while a passenger in defendant's car. Verdict and judgment for plaintiff. Suggestion of death of defendant and substitution of Ellen Cootware, administratrix of the estate of Leslie Cootware, deceased, as party defendant. Defendant appeals. Affirmed.

*Ray Derham,* for plaintiff.

*L. J. Carey, Geo. J. Cooper* and *Glenn W. Jackson,* for defendant.

FEAD, C. J.   Plaintiff, a resident of Hardwood, Michigan, is mother of Clarence Cootware and of Leslie Cootware, original defendant herein who died after the trial.   Clarence and Leslie lived in Iron Mountain, 42 miles from Hardwood.   Clarence did not have a car, Leslie owned one.

On December 15, 1935, Clarence's wife was sick. Clarence asked Leslie to go to Hardwood, get their mother and bring her back to take care of his wife, authorizing Leslie to tell the mother that Clarence would pay her what it was worth.   Leslie drove to Hardwood and told plaintiff what Clarence wanted and agreed to do.   Plaintiff acquiesced in the request, and the next day, on the return trip, the car struck an icy spot in the road, ran over an embankment and plaintiff was injured.   She sued Leslie.

The court held plaintiff not a guest passenger,* submitted the case to the jury upon the issue of ordi-

---

* See 1 Comp. Laws 1929, § 4648.—REPORTER.

nary negligence, and plaintiff had verdict and judgment of $2,000 damages.

No arrangement was made nor suggested that Leslie be paid for making the trip or for transporting plaintiff. His act was wholly gratuitous and as a favor to Clarence. The sole question upon liability is whether plaintiff was a guest passenger.

Plaintiff made the trip, not for her own pleasure or on her own business, but in order to render a requested service for Clarence. Her presence in the car had no social aspect, nor did Leslie extend the invitation to ride as a matter of hospitality. The transportation was a business proposition. If Clarence had been in the place of Leslie the case would be clear that plaintiff was not a guest. *Monison* v. *McCoy*, 266 Mich. 693; *Cardinal* v. *Reinecke*, 280 Mich. 15. The fact that Leslie was an uncompensated volunteer can make no difference in his relations to plaintiff. He was the *alter ego* of Clarence, and the same relationship of transportation arose as though Clarence himself were the driver.

Plaintiff was injured in the chest, back, left arm, her head cut, and was in bed something over three months. She complains of pain and numbness. On motion for new trial the court felt that the verdict was somewhat large for the injuries, but not so large as would justify the court in substituting its judgment for that of the jury. We feel the same way.

Affirmed.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.