WILCOX *v.* KEELEY.

1. AUTOMOBILES—GUEST PASSENGERS—GROSS NEGLIGENCE.

A guest passenger may not recover damages from the host motorist for injuries sustained unless the latter was guilty of gross negligence or wilful and wanton misconduct contributing to such injuries (PA 1949, No 300, § 401).

2. SAME—PASSENGERS—CONSIDERATION FOR TRANSPORTATION.

Payment by a passenger for transportation does not necessarily require a money consideration, the rendition of services or other giving of value, pursuant to an agreement therefor, being sufficient to constitute the passenger a passenger for hire (PA 1949, No 300, § 401).

3. SAME—GUEST PASSENGERS—DIRECTED VERDICT—EVIDENCE.

Plaintiff passenger in defendant's automobile at time of injury *held*, a guest passenger as a matter of law, where testimony shows that act of plaintiff in accompanying defendant on his route for selling peanuts and servicing vending machines and on which plaintiff rendered some assistance was not primarily to help defendant in his work but was mainly for social rea-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur, Automobiles § 241.
[1] What amounts to gross negligence, recklessness, or the like, within statute limiting liability of owner or operator of automobile for injury to guest. 74 ALR 1198; 86 ALR 1145; 96 ALR 1479.
Injury to guest of operator as within statutory or nonstatutory rule which makes owner of automobile liable for negligence of another operating the car with his consent. 131 ALR 891.
[2, 3] 5 Am Jur, Automobiles § 239.
[2, 3] Who is guest within contemplation of statute regarding liability of owner or operator of motor vehicle for injury to guest. 82 ALR 1365; 95 ALR 1180.
Payments or contributions by or on behalf of automobile rider as affecting his status as guest. 10 ALR2d 1351.
Guest statute as applicable to member of family riding in car driven by another member. 2 ALR2d 932.
Infant as guest within automobile guest statutes. 16 ALR2d 1304.

sons, the two having been friends for some time, hence, defendant was entitled to a directed verdict, where proofs failed to establish gross negligence or wilful and wanton misconduct (PA 1949, No 300, § 401).

Appeal from Midland; Holbrook (Donald E.), J. Submitted January 13, 1953. (Docket No. 82, Calendar No. 45,746.) Decided March 10, 1953.

Case by Wilburt Wilcox against Emory Keeley for injuries sustained while a passenger in defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Reversed and judgment ordered entered for defendant.

*Robert B. Whittaker,* for plaintiff.

*Ralph H. Bower,* for defendant.

CARR, J. While riding in an automobile, owned and driven by defendant, plaintiff sustained personal injuries in a traffic accident occurring March 1, 1952, on a public street in the city of Midland. Claiming that his injuries were the result of negligence on the part of the defendant, plaintiff brought suit to recover damages. In his declaration he alleged that at the time of the occurrence he was "assisting the defendant, as his agent, in delivering and selling peanuts at various business establishments throughout the county of Midland which constituted the defendant's regular peanut route."

On the trial of the case plaintiff testified that on the date in question he met defendant in the Eagles club room in Midland, and that defendant asked him to go with him on an automobile ride to be taken by defendant for the purpose of selling and distributing peanuts. Plaintiff accepted the invitation. In connection with his business defendant stopped at 4 different places. At 2 of such places it appears that

plaintiff did not leave the car. At a third place he assisted defendant, at the latter's request, by counting pennies from a peanut vending machine, and at the last business place visited, plaintiff, at defendant's suggestion, assisted by carrying a carton of peanuts into the place. The parties then went to the UMWA Hall in Midland where a public meeting was being held. Defendant entered the hall, but it appears that plaintiff did not do so, remaining outside and visiting with friends who were present. From the hall defendant drove to the downtown section of the city where the accident happened in proximity to the intersection of Ashman and Ellsworth streets. It is not disputed that defendant intended to take plaintiff either to the downtown section of the city or to his home, as the parties might agree.

It was defendant's claim on the trial that plaintiff was a guest passenger, that he was invited to take the ride for social purposes only, and that there was no understanding or agreement whatsoever with reference to the rendering of services by plaintiff by way of consideration for the transportation. At the conclusion of plaintiff's proofs a motion for a directed verdict was made on behalf of defendant, and taken under advisement by the court. The motion was renewed after the introduction of defendant's evidence, and was again taken under advisement. The trial court submitted to the jury the question as to the relationship existing between the parties at the time of the accident, charging specifically that if plaintiff was a guest passenger he could not recover. The issues as to negligence on the part of the defendant, proximate cause, and possible contributory negligence on plaintiff's part, were also submitted, as well as the matter of damages in the event the jury returned a verdict in plaintiff's favor. Such verdict was returned in the sum of $5,000. Motions for judgment notwithstanding the verdict and

for a new trial were made and denied. Defendant has appealed, asserting that the trial court was in error in not directing a verdict and in denying the motions.

The principal question at issue relates to the status of the plaintiff at the time of the accident. No claim is made in his behalf that the evidence was sufficient to justify a finding of gross negligence or wilful and wanton misconduct on the part of the defendant constituting a proximate cause of the injuries sustained by plaintiff. If plaintiff was in fact, as claimed by defendant, a guest passenger, he is precluded from recovering damages by the provisions of PA 1949, No 300, § 401 (CL 1948, § 257.401 [Stat Ann 1952 Rev § 9.2101]). Said section reads in part as follows:

"Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

That payment for transportation does not necessarily require a money consideration has been repeatedly recognized by this Court. The rendition of services or other giving of value, pursuant to an agreement therefor, is sufficient. *Peronto* v. *Cootware,* 281 Mich 664; *Anderson* v. *Conterio,* 303 Mich 75. In the instant case, however, there is no proof that defendant expressly invited plaintiff to go on the trip for the purpose of rendering assistance in the sale and delivery of peanuts, or that plaintiff promised and agreed to render any such services. It appears that the parties had previously ridden

together in defendant's automobile on trips undertaken by the latter for the purpose of servicing his customers. There is no testimony in the record as to whether or not such prior relationship was purely social in character or involved agreements to furnish services in return for the transportation.

In order to be entitled to recover damages it was incumbent on the plaintiff to establish, among other matters, the relationship between the parties and negligent conduct on the part of the defendant constituting a breach of the duties owing by the defendant, arising from such relationship, with reference to plaintiff's safety. *Hasbrook* v. *Wingate,* 152 Ohio St 50 (87 NE2d 87, 10 ALR2d 1342). It is undisputed that plaintiff and defendant had been good friends for some time prior to the accident. The former's claim as to the purpose of the trip is indicated by the following excerpt from his testimony:

"*Q.* Now, was the purpose of this trip, you going along because he (Mr. Keeley) wanted some company, is that what he was interested in?

"*A.* Well, company and it also makes it easier as far as, if you have 2 items to carry into a place it makes it much more easier, one can carry 1 and another 1, instead one might overload himself with both of them.

"*Q.* I mean there wasn't any idea here you were to be paid for this?

"*A.* No.

"*Q.* You were just going along as a friend, is that right?

"*A.* No pay whatsoever.

"*Q.* You were just going as a friend, is that right, sort of a social thing, is that right?

"*A.* Well, it was, I will say social in the extent it is, well, I mean I can't exactly put it in words, it is a type of help, you see a man stuck in the road or something you give him a hand, maybe it is your best friend, I mean, you assist him."

This Court has heretofore passed on situations analogous to that in the case at bar, and has indicated the interpretation to be placed on the provision of the statute above quoted. In *Re Harper's Estate,* 294 Mich 453, it was the claim of the plaintiff that his status was not that of a guest passenger because it was his purpose in undertaking the trip on which he was injured to assist in the driving of the car. In sustaining the action of the trial court in directing a verdict for defendant, based on the conclusion that plaintiff was a guest passenger and, hence, could not recover without showing gross negligence or wilful and wanton misconduct, it was said:

"The offer to help drive was not intended as a reward for the ride, and at the time the parties themselves would have resented any suggestion that their relation was other than social. The subsequent intervention of plaintiff's self-interest should not be permitted to alter the result. The proffer of assistance in driving was only a friendly gesture, and the sociability element was the dominant, if not sole, thought. Mr. Harper was a 'host' and plaintiff was his 'guest' in the full and complete sense of the words. *Morgan* v. *Tourangeau,* 259 Mich 598; *McGuire* v. *Armstrong,* 268 Mich 152 (36 NCCA 252); *Cardinal* v. *Reinecke,* 280 Mich 15; *Crook* v. *Eckhardt,* 281 Mich 703. See, also, *Chaplowe* v. *Powsner,* 119 Conn 188 (175 A 470, 95 ALR 1177), and annotations in 82 ALR 1365 and 95 ALR 1180."

In *Bushouse* v. *Brom,* 297 Mich 616, plaintiff accompanied defendant on an automobile trip, after indicating on receipt of the invitation to do so that she would pay one half of the expenses. It was there held that such expression of a desire on plaintiff's part, carried out in part at least, did not justify a conclusion that there was any legal obligation resting on plaintiff at the time she entered on the trip to pay a fixed portion of the expenses. The Court

quoted with approval from *McCann* v. *Hoffman,* 9
Cal2d 279, 285 (70 P2d 909), as follows:

" 'The great weight of authority is to the effect that
the sharing of the cost of gasoline and oil consumed
on a trip, when that trip is taken for pleasure or
social purposes, is nothing more than the exchange
of social amenities and does not transform into a
passenger one who without such exchange would be
a guest, and consequently is not payment for the
transportation.' "

In reversing a judgment in plaintiff's favor, it was
said in part:

"We do not hold herein that under a given state
of facts an express agreement to pay a given propor-
tion of the expenses of operating an automobile may
not constitute the one transported a passenger for
hire. But each case must be decided in the light of
its own facts; and we think it is always important
to ascertain, if possible, what it was that primarily
motivated the undertaking.  In the instant case it
was clearly the friendship and social relation of these
parties which resulted in plaintiff going on the trip
with defendant.  It was not a commercial arrange-
ment or one in which the owner or driver of the
automobile was induced to transport a passenger
for an agreed consideration."

The above decisions were cited and followed in
*Brody* v. *Harris,* 308 Mich 234 (155 ALR 573).  See,
also, *Herman* v. *Metal Office Furniture Co.,* 317 Mich
185.  In *Anderson* v. *Conterio, supra,* cited by ap-
pellee, the jury found that, as claimed by plaintiff,
the trip on which the accident occurred was under-
taken primarily for business purposes.  The testi-
mony on the point was squarely in dispute.  A like
purpose existed in *Peronto* v. *Cootware, supra,* and
in *Bond* v. *Sharp,* 325 Mich 460.  In *Hunter* v. *Bald-
win,* 268 Mich 106, the plaintiff rode in the car of

one of the defendants to a neighboring village where the parties remained for a period between 2 and 3 hours. On their return to the car the motor failed to start and the driver asked plaintiff to crank the engine, the driver being behind the wheel at the time. Plaintiff complied with the request and the car, which the driver permitted to remain in gear, started forward, resulting in serious personal injury to the plaintiff. It was not disputed that plaintiff was a guest passenger on the trip from his home to the village, nor did the proofs indicate gross negligence or wilful and wanton misconduct on the part of the driver of defendant's automobile. Recovery was sustained on the theory of ordinary negligence, such holding being based on the conclusion indicated by the following excerpt from the opinion:

"While this is a case of first impression, we are constrained to hold that when plaintiff left the car upon arrival at the village of Kingston and remained away from it for a period of 2 or 3 hours, he ceased to be a guest passenger and that while in the act of cranking the car at the request of the operator of the car he had not resumed the position of that of a guest passenger."

The case of *Hasbrook* v. *Wingate, supra,* reported in 10 ALR2d 1342, is followed by a somewhat extended annotation in which numerous decisions from different jurisdictions are cited and discussed.

An analysis of the testimony in the instant case, with particular emphasis on the statements made by plaintiff as a witness in his own behalf, leads to the conclusion that there was no contractual relation of any kind or character between him and the defendant in connection with the trip in question. There is no showing that any statements were made by either party at the time indicating that transportation was to be furnished to plaintiff in consideration of any undertaking on his part to render services to de-

fendant. His acts in assisting defendant, as above set forth, are wholly consistent with the claim of the defendant that plaintiff was asked to go on the trip primarily for social reasons. Plaintiff's statement in his testimony impliedly comparing what he did for defendant to assisting another, perhaps a friend who may need help because of street conditions, is significant. Under ordinary circumstances such assistance is not rendered with any thought or expectation of compensation. The record here before us does not justify a conclusion that the primary purpose of plaintiff's accompanying defendant on the afternoon in question was to help him in his work. There is no showing that defendant anticipated any need for such help or, in fact, that any such necessity actually existed. Rather, what plaintiff did amounted to mere acts of courtesy extended to a friend and which he undoubtedly would have rendered without reference to his having ridden in defendant's automobile.

In view of the conclusion reached as to the status of plaintiff at the time of the accident, it becomes unnecessary to discuss the other questions in the case. Defendant was entitled to a directed verdict on the ground that plaintiff was a guest passenger and that the proofs offered were insufficient to establish gross negligence or wilful and wanton misconduct.

The judgment is reversed without a new trial, and the case is remanded with directions to set aside the judgment entered in plaintiff's favor on the verdict of the jury and to enter judgment for defendant. Defendant may have costs.

Dethmers, C. J., and Adams, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.