# Richmond

JOHN C. DICKERSON, ADMINISTRATOR, &C V. BEN MILLER.

January 17, 1955.

Record No. 4304.

Present, Hudgins, C.J., and Eggleston, Spratley, Buchanan, Miller
and Smith, JJ.

The opinion states the case.

*Dalton, Poff & Turk*, for the plaintiff in error.

*Gentry & Locke* and *Spiers & Spiers*, for the defendant
in error.

Smith, J., delivered the opinion of the court.

John C. Dickerson, administrator of the estate of Nana Lucy Dickerson, deceased, brought this action against Ben Miller to recover for his decedent's wrongful death which occurred in the early morning hours of September 28, 1951, while she was riding as an occupant of the defendant's car.

The case came on for trial upon an amended motion for judgment containing two counts, one of which alleged that the decedent was a paying passenger in defendant's automobile and the other that she was a guest passenger. At the close of the plaintiff's evidence and again at the close of all the evidence defendant moved to strike the plaintiff's evidence on the ground that it was insufficient to sustain a verdict against defendant on the basis of either gross negligence or ordinary negligence, and also moved the court to hold as a matter of law that the decedent at the time of the accident occupied the status of guest passenger in defendant's automobile. The court at the conclusion of all the evidence granted the latter motion, holding as a matter of law that plaintiff's decedent occupied the status of guest passenger, and then struck plaintiff's evidence on the ground that it was insufficient to sustain a verdict against defendant based on gross negligence.

Despite an instruction to the effect that the jury had no evidence on which it could base a verdict for plaintiff, a verdict of $7,500.00 was returned for the plaintiff. Defendant's motion to set aside the verdict of the jury was sustained and judgment for defendant was entered, to which judgment this writ of error was granted.

First we shall discuss the court's holding that the evidence was insufficient to sustain a verdict against the defendant on the basis of gross negligence.

As has been stated many times, gross negligence is that degree of negligence which shows an utter disregard of prudence, amounting to complete neglect of the safety of another; such heedless and reckless disregard of his rights as

to be shocking to reasonable men. *Kennedy* v. *McElroy*, 195 Va. 1078, 81 S. E. (2d) 436; *Garst* v. *Obenchain*, this day decided.

Without attempting to review the evidence, but giving the plaintiff the benefit of all substantial conflict in the evidence and all fair inferences that may be drawn therefrom, we concur in the determination of the trial judge that reasonable men should not differ on the issue of whether the defendant was guilty of gross negligence. The evidence is clearly insufficient to demonstrate an utter disregard of prudence amounting to complete neglect of the safety of plaintiff's decedent.

■ Our next inquiry is whether there is sufficient evidence that the decedent was a paying passenger to whom the defendant would be liable for ordinary negligence as distinguished from gross negligence.

The evidence shows that on September 27, 1951, decedent and her roommate, who was plaintiff's chief witness, were working as waitresses in the Hob Nob drive-in restaurant managed by the defendant and had been so employed for at least two months prior. Their normal working hours were from 4:00 p. m. until midnight, and in addition to their usual serving duties they had certain other duties connected with cleaning up and closing the restaurant for the night. These additional duties consisted of keeping "the trays and sugar bowls and stuff like that clean;" but rarely, if ever, did they cause them to work past midnight.

On the night of September 27, 1951, defendant asked decedent and her roommate to stay after closing time and help clean up, telling them that "if we would stay he would take us home in his automobile, so we stayed." Although decedent was about to call a cab to go home, she and her roommate acceded to defendant's request and helped clean up, which included cleaning the grill and coffee urn in addition to their duties with respect to the trays and sugar bowls, etc. The work was not completed until 12:45 a. m., and defendant, who was talking with men in his car outside

the restaurant, did not leave with the girls until 1:30 a. m. On the way to decedent's residence defendant's automobile struck an electric light pole resulting in decedent's death.

The Virginia guest statute, Code, § 8-646.1, provides in part as follows: "No person transported by the owner or operator of any motor vehicle as a guest *without payment for such transportation* * * * shall be entitled to recover damages against such owner or operator for death or injuries * * * unless such death or injury was caused or resulted from the gross negligence * * * of such owner or operator." (Italics supplied).

In considering whether a person is a paying passenger or guest passenger, the courts of the several states which have statutes similar to this section of our Code, are in general agreement as to the principles to be applied. See 5 Am. Jur., Automobiles, § 239, p. 634. With respect to "payment" it is not necessary that the operator of the vehicle receive actual cash in return for the transportation supplied, since services or other benefits given by the occupant, if regarded by the parties as consideration inducing the offer of transportation, may be sufficient to entitle the occupant to the status of a paying passenger, as distinguished from a guest passenger. See, for example, *Hayes* v. *Brower*, 39 Wash. (2d) 372, 235 P. (2d) 482, 25 A. L. R. (2d) 1431; *Wilcox* v. *Keeley*, 336 Mich. 237, 57 N. W. (2d) 514; 10 A. L. R. (2d) 1361.

Before and since the passage of our guest statute it was recognized that payment in cash was not necessary to change the status of an occupant of an automobile from guest passenger to paying passenger; services rendered or to be rendered were sufficient. See *White* v. *Gregory*, 161 Va. 414, 170 S. E. 739; *Brown* v. *Branch*, 175 Va. 382, 9 S. E. (2d) 285; *Miller* v. *Ellis*, 188 Va. 207, 49 S. E. (2d) 273.

In *Davis* v. *Williams*, 194 Va. 541, 546, 74 S. E. (2d) 58, we said: "Concurrence [of authority] is general that an incidental benefit resulting to the defendant from the transportation is not sufficient to enlarge the liability from guest to passenger. The benefit to the defendant must be a con-

sideration for the transportation. More than an incidental benefit must have induced the defendant to extend the ride. 10 A. L. R. (2d) 1354. The benefits, in short, must be more than gratuitous gestures of reciprocal hospitality, or social amenities, extended without thought of bargaining for the transportation."

Thus if a person bargains for services and as consideration therefor offers transportation, the person performing or agreeing to perform the services and accepting such transportation is a paying passenger and not a guest passenger.

The plaintiff's evidence shows that the defendant, as manager of the restaurant where decedent was employed, was charged with the duty and responsibility of operating the restaurant and closing it at night, and that he had authority commensurate with this responsibility, including the authority to employ and discharge waitresses. On the night in question he bargained for and procured from decedent the performance of certain duties with respect to closing the restaurant which were not her normal duties. In exchange for these services he promised to take her home. The transaction was a continuation of the business relationship existing between them and the services performed by decedent were "more than gratuitous gestures of reciprocal hospitality." Consequently, if the jury believe plaintiff's evidence, when decedent entered defendant's automobile, she did so as a paying passenger and not as a guest passenger.

Accordingly, the judgment is reversed and the case remanded for proceedings consistent with the views herein expressed.

*Reversed and remanded.*