# Richmond

## Ross Oakley Johnson v. Town of Damascus.

March 8, 1965.

Record No. 5890.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Joseph P. Johnson, Jr.*, for the plaintiff in error.

*E. Summers Sheffey*, for the defendant in error.

I'Anson, J., delivered the opinion of the court.

Defendant, Ross Oakley Johnson, was convicted by a jury of a

second offense of driving a motor vehicle while under the influence of intoxicants in violation of an ordinance of the town of Damascus, Virginia. Judgment was entered on the verdict of the jury, and defendant is here on a writ of error.

Defendant assigns numerous errors, but they involve only two questions. He contends (1) that the evidence was insufficient to sustain his conviction; and (2) that the town ordinance was not proved.

■ Although defendant asks that we set aside his conviction on the ground that the evidence is insufficient to support it, he failed to designate for printing the evidence which is necessary and material for us to determine that issue. The printed record contains only the evidence which is favorable to him.

Rule 5:1, § 6, requires the defendant to "designate not only that which is favorable to him, but that which is favorable to his opponent, for obviously without access to all of the material evidence it is impossible for us to determine its sufficiency." *DeMott* v. *DeMott*, 198 Va. 22, 24, 92 S. E. 2d 342, 343. See also *Jenkins* v. *Womack*, 201 Va. 68, 69, 109 S. E. 2d 97, 98.

Because of defendant's failure to comply with the rule, we would be justified in not considering that assignment of error. But in the interest of justice we will consider all the pertinent evidence in the transcript, including that designated and that omitted from the printed record. See *Carter, Adm'r* v. *Nelms*, 204 Va. 338, 340, 341, 131 S. E. 2d 401, 402, 403; Rule 5:1, § 6(f).

■ The evidence, stated in the light most favorable to the town, since all conflicts in the evidence have been resolved in its favor by the jury's verdict, shows that on the night of August 11, 1963, the defendant stopped his truck at a business establishment in the town of Damascus and picked up three young men and drove them to a bowling alley in the town. These young men, testifying to substantially the same facts, said that after they got in the truck and the defendant started it in motion, he struck a fence and barely missed hitting a building. On the way to the bowling alley the truck "was weaving backwards and forward across the solid line" on the roadway. Upon arriving at the bowling alley parking lot, they got out of the truck and walked approximately 50 to 75 yards down the road. Within eight to ten minutes after leaving the truck they observed that the defendant had been taken into custody by a police officer.

The arresting officer, Beattie Fulcher, testified that as he was leaving the bowling alley in a patrol car he observed defendant's truck turning into the parking lot. He returned to the area within ten minutes because he had received a complaint that a truck had been operating in the town in a careless and negligent manner. He found defendant's truck parked in the bowling alley lot and the defendant was sitting behind the steering wheel in an intoxicated condition. When he removed defendant from the truck he staggered and was very belligerent. Defendant admitted that he had been drinking, but denied that he had driven the truck to the parking lot. Several bottles and cans of beer were found in the truck and a subsequent blood test revealed .19 per cent alcohol in defendant's blood.

Defendant admitted during the trial in the court below that he had driven the truck to the parking lot, but he said that he did not begin drinking until after he had parked it and that he had been there from 30 to 40 minutes before the officer arrested him.

Several witnesses corroborated defendant's testimony that he had been in the parking lot from 30 to 40 minutes before he was arrested, and testified that they drank intoxicating beverages with him during that time. Thus defendant argues that he became intoxicated after parking his truck and the evidence is insufficient to support his conviction of driving under the influence of intoxicants.

Defendant relies on *Bland v. City of Richmond*, 190 Va. 42, 55 S. E. 2d 289, in support of his argument, but the case is readily distinguishable on the facts. There two police officers found Bland's automobile resting against a fireplug which it had hit. A third officer, who was not called as a witness, brought Bland to the scene "a few minutes" after the two officers had discovered the accident, and at that time the accused talked with a thick tongue and was under the influence of intoxicating liquors. The evidence did not show how far the accused was from the scene of the accident when apprehended by the officer, or whether he had sought out the officer, or was picked up because of apparent drunkenness. In reversing Bland's conviction, this Court held that because of the uncertainty of the interval between the time of the accident and when the accused was brought back to the scene, the evidence did not establish that Bland operated a motor vehicle while under the influence of intoxicating liquors.

In the instant case there was evidence that the defendant operated his truck in a careless and reckless manner while driving to the bowling alley parking lot in the town of Damascus. The arresting

officer saw the defendant drive the truck into the parking lot, and when he was arrested within ten minutes thereafter he was under the influence of alcohol. The question presented was one of fact for the jury, and their finding that the defendant had operated the truck while under the influence of intoxicating beverages is clearly supported by the evidence.

The contention of the defendant that the town ordinance prohibiting the operation of a motor vehicle while under the influence of intoxicating beverages, and the punishment therefor, was not proved, is without merit.

The town met the burden that was required of it under our holding in *Sisk* v. *Shenandoah*, 200 Va. 277, 105 S. E. 2d 169.

The record shows that the town of Damascus code, with its pocket parts, was introduced into evidence, without objection, pursuant to the provisions of Code § 8-270, as amended, Code of 1950, 1957 Repl. Vol., after the clerk of the circuit court, when called as a witness, identified the code and testified that it was on file in his office. Moreover, defendant expressly waived the reading of the applicable ordinance and we do not have it before us as a part of the record. Nor was it printed in defendant's brief.

For the reasons stated, the judgment is

*Affirmed.*